## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LIGIA COLCERIU, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

JAMIE BARBARY a/k/a JAMIE ENGELHARDT, ENGELHART & Co., LLC,

        Defendants.

_____/

Case No. 8:20-cv-01425-MSS-AAS

## <u>DEFENDANTS' MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW</u>

Defendants Jamie Barbary a/k/a Jamie Engelhardt ("Ms. Engelhardt") and Engelhardt & Co., LLC ("Engelhardt & Co." and, collectively with Ms. Engelhardt, "Defendants"), hereby moves to dismiss the Complaint ("Compl.") filed by Plaintiff Ligia Colceriu pursuant to Federal Rule of Civil Procedure 12.

## <u>INTRODUCTION</u>

Plaintiff filed this putative class action claiming that she is entitled to compensatory and punitive damages because she participated in a free "giveaway" contest on Instagram that she did not win. Relying entirely on her allegations that she joined in the contest by "clicking" on a bunch of Instagram posts but then did not win a prize, Plaintiff purports to state statutory and common law claims that the contest was a "fraud" and an "illegal

lottery." (Compl. ¶¶ 18, 53-57.)  She does not and cannot allege any tangible or actual injury from clicking on these posts.

The Complaint should be dismissed.  ***First***, Plaintiff does not have Article III standing to bring this putative class action.  The Supreme Court in *Spokeo* held that a plaintiff cannot state a claim in federal court unless she clearly alleges facts showing that she "suffered an injury in fact."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016).  Pleading an "[i]njury in fact is a constitutional requirement" that can be satisfied only when a plaintiff shows "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical."  *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992)).  Here, Plaintiff has pleaded nothing other than that she participated in a free giveaway one day by clicking "Follow" on other Instagram profiles. She has not pleaded ***any*** injury or loss suffered by these clicks, let alone a concrete and particularized injury in fact.  Plaintiff's Complaint should be dismissed on this basis alone.

***Second***, Plaintiff has failed to sufficiently plead any of her claims under Federal Rules of Civil Procedure 8(a) or 9(b).  Plaintiff's statutory claim based on Defendants' purportedly "illegal" lottery fails because Plaintiff does not have a private cause of action under Chapter 849 of the Florida Statutes, nor does she state a claim under Chapter 772 of the Florida Statutes.  Plaintiff's common law claims also fail because Plaintiff (1) has not pleaded the essential elements of those claims, (2) has not pleaded her fraud-based claims with particularity as required under Federal Rule of Civil Procedure 9(b), and (3) Plaintiff has not pleaded any facts showing any actual injury.  Because Plaintiff has not pleaded any

facts showing that she relied on any misrepresentation to her detriment or that she suffered any **actual** injury based on the purported conduct, her common law claims should be dismissed as a matter of law.

**Third**, Plaintiff has failed to plead a claim for personal or vicarious liability against Defendant Jamie Engelhardt.  Not only is Plaintiff's Complaint procedurally deficient—it improperly conflates and commingles the two Defendants through the claims—but it also fails to plead any factual basis for its assertion that Ms. Engelhardt is personally liable for Engelhardt and Co.'s purported conduct.  The only allegation aimed at Ms. Engelhardt's purported liability is a conclusory, formulaic allegation that Ms. Engelhardt "is the principal of the Company and, at all times material to this Complaint, acting alone or in concert with others, formulated, directed, controlled, had the authority to control, or participated in . . . the acts and practices set forth in this Complaint." (Compl. ¶ 28.)  This allegation plainly fails to allege facts sufficient to state a claim against Ms. Engelhardt. Accordingly, the Complaint should be dismissed as to Ms. Engelhardt.

## FACTUAL ALLEGATIONS

Plaintiff's Complaint alleges a far-flung conspiracy whereby Instagram "influencers" are using "unscrupulous" methods to create advertising content. (Compl. ¶¶ 15-22.)  Plaintiff describes a number of purported "influencer" schemes that have nothing to do with Defendants.  (*Id.*)  As to Defendants, Plaintiff claims that they "run illegal lotteries and advise 'influencers' to lie in order to convince Instagram users to take part in their games of chances."  (*Id.* at ¶ 18.)  Plaintiff claims that Defendants collect money from Instagram profile holders who want to increase their "followers" on Instagram, and

then invite individuals like Plaintiff to participate in free games of chance by clicking "follow" on these Instagram profiles.  (*Id.* at ¶¶ 21-22.)  According to Plaintiff, although these giveaways are free, participants do not receive "any basic information like the odds of winning, how and when the drawing is done, who provides the prize, etc."  (*Id*. at ¶ 21.)

Plaintiff does not allege that she or any putative class member has spent or lost any money on these games of chance or that they have suffered any injury or harm.  Instead, Plaintiff is mostly a bystander in her Complaint, barely referenced except for one set of allegations that she allegedly clicked "Follow"[1] a bunch of times to participate in a contest:

> 53. On or about April 2020, Colceriu saw that few of the influencers she follows organized a "giveaway" with total cash prizes of US$ 9,000. *See* Exhibit 4.

> 54. In order to participate in said game of chance, Colceriu was required to and indeed did follow all the people she had to follow, all 62 of them.

> 55. Little that she knew Barbary received direct cash or other benefits for each person on the list that Colceriu followed.

> 56. Each time Colceriu clicked on the "Follow" button for one of the influencers on the list, Colceriu was supposed to gain the chance to win a money prize but instead, Barbary became richer at the expense of Colceriu and thousands of others in her position.

> 57. Colceriu was never contacted back with the results of the lottery and she never received any prize.

(Compl. ¶¶ 53-57.)

---

[1] Plaintiff cites the Instagram Terms and Conditions and Help Page in her Complaint.  (*See* Compl. ¶ 16 n.4.)  The Terms and Conditions explain that, if a user decides at any time after clicking "Follow" on an Instagram profile that she no longer wants to follow that profile, the user can then click the same button to "Unfollow" the profile.  *See* https://help.instagram.com/477434105621119 (last visited December 31, 2020).

Although Plaintiff alleges that she was not told that the "influencers" whose page she clicked "Follow" on were being "paid or otherwise rewarded by Barbary to set up the lottery," her allegations show otherwise.  Specifically, Plaintiff alleges that Defendants' alleged website fully disclosed the "influencers" whose profiles Plaintiff clicked to "follow" were being charged by Defendants to grow their audience.  (*Id.* at ¶ 43.)  Indeed, the exhibits to Plaintiff's Complaint plainly state that influencers will be included in "Social Giveaways" to obtain their new followers.  (*Id.* at Ex. 2.)

Plaintiff does not allege any facts supporting her claim that the giveaway was illegal or fraudulent.  She alleges simply that she did not win.There are no alleged facts showing that the giveaway was "manipulated or rigged," *see* Fla. Stat. § 849.094(2)(a), arbitrarily removed or disallowed her entry, *see* Fla. Stat. § 849.094(2)(b),  "fail[ed] to award prizes offered," *see* Fla. Stat. § 849.094(2)(c), or used material that was "false, deceptive, or misleading," *see* Fla. Stat. § 849.094(2)(d).

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

I.  **PLAINTIFF HAS NOT PLEADED THAT SHE SUFFERED A CONCRETE INJURY SUFFICIENT TO ESTABLISH ARTICLE III STANDING.**

A.  **Legal Standard**

Article III of the United States Constitution defines the role of the judiciary as resolving "Cases" and "Controversies."  Art. III, § 2; *Spokeo*, 136 S. Ct. at 1547.  Standing to sue is a "core component" of this case or controversy requirement.  *Lujan*, 504 U.S. at 560.  The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  *Spokeo*, 136 S. Ct. at 1547.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  A party invoking federal jurisdiction bears the burden to "clearly . . . allege facts" showing standing before a federal court may exercise jurisdiction over his claims.  *Spokeo*, 136 S. Ct. at 154 (quotations and citations omitted).  To adequately allege standing, a plaintiff must demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Id.*  As to the first element, a plaintiff must establish an injury in fact that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* (quoting *Lujan*, 504 U.S. at 560).  "[T]he requirement of injury in fact is hard floor of Article III jurisdiction that cannot be removed by statute."  *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009)).

**B.      Plaintiff has failed to plead a concrete and particularized injury in fact.**

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).  A plaintiff must allege a particularized injury by showing that she "personally has suffered some actual or threatened injury."  *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982).  A concrete injury must be shown to be "'real,' and not 'abstract.'"  *Spokeo*, 136 S. Ct. at 1548 (citation omitted).  "In plainer language, the plaintiff needs to show that the defendant

harmed him, and that a court decision can either eliminate the harm or compensate for it."
*Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).

Beginning in August 2019, the Eleventh Circuit in a series of decisions made clear that allegations regarding "wasted time" and other types of intangible harm are insufficient to demonstrate a concrete injury sufficient for Article III standing. First, in *Salcedo*, the Eleventh Circuit held the mere receipt of an unsolicited text message was insufficient to demonstrate standing to sue in federal court. *Id.* at 1165. It held that, in such instances, the "alleged harm is isolated, momentary, and ephemeral," akin to begin mailed an unwanted postcard. *Id.* at 1171. The *Salcedo* court rejected the argument that standing could be established simply based on allegations that a statute (there, the Telephone Consumer Protection Act) was violated, holding that "allegations of a brief, inconsequential annoyance ***are categorically distinct*** from those kinds of real but intangible harms" that satisfy Article III's injury in fact requirement:

> The chirp, buzz, or blink of a cellphone receiving a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, ***but not a basis for invoking the jurisdiction of the federal courts***.

*Id.* at 1172 (emphasis added). Florida district courts have since applied *Salcedo* to cases where the plaintiff alleges that he or she was harmed receiving and reviewing multiple unsolicited text messages.[2]

---

[2] *Eldridge v. Pet Supermarket, Inc.*, Case No. 18-22531, 2020 WL 1475094, at *6 (S.D. Fla. Mar. 10, 2020) (no injury in fact where plaintiff received five text messages that allegedly wasted his time and depleted cellphone battery); *Fenwick v. Orthopedic Specialty Institute, PLLC*, Case No. 0:19-cv-62290-Ruiz/Strauss, 2020 WL 913321, at *4 (S.D. Fla. Feb. 4, 2020) (Strauss, M.J.) (recommending that receipt of three text messages did not establish an injury-in-fact for purposes of Article III standing).

The Eleventh Circuit has since applied the *Salcedo* reasoning in several other decisions. In *Cordoba v. DIRECTV LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019), for example, the court held that in a putative class action, the district court at some point has to "determine whether *each* member of the class has standing." (Emphasis added.) The Eleventh Circuit further clarified the "concreteness" inquiry in *Muransky*, holding that "statutory violations do not—cannot—give us permission to offer plaintiffs a wink and a nod on concreteness." 979 F.3d at 925; *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) (finding that *Salcedo* makes clear that even where a statutory violation is alleged, a "real injury remains necessary"). The *Muransky* court rejected plaintiff's allegations that the defendant's alleged violations of the Fair and Accurate Credit Transaction Act, wherein the defendant printed a receipt without truncating his personal information, caused him a concrete injury simply because the statute was violated. 979 F.3d at 931. Again, the court rejected a plaintiff's allegation of "wasted time" as a concrete injury sufficient for Article III standing. *Id.*

Most recently, in *Grigorian v. FCA US LLC*, the Eleventh Circuit held that the loss of time from listening to and researching an unsolicited voicemail did not demonstrate a harm "sufficiently concrete to constitute an injury in fact." Case No. 19-15026, 2020 WL 7238392, at *2 (11th Cir. Dec. 9, 2020). The court held that evidence of "lost personal time" that did not otherwise render a plaintiff's mobile phone unavailable was not sufficient to establish standing. *Id.* at *3. And the court held that federal jurisdiction could not be created simply by allegations "embellishing a deficient allegation of injury." *Id.*

Here, Plaintiff does not plead ***any*** particularized allegations of injury, let alone allegations showing that she suffered a concrete injury in fact. The only allegations showing that Plaintiff took any action relating to the Defendants' purported misconduct

state that Plaintiff clicked "Follow" 62 times for a chance at a free giveaway.  (Compl. ¶¶ 53-57.)  These allegations clearly do not demonstrate a concrete injury in fact.  Most of Plaintiff's other allegations have nothing to do with Defendants and relate to the "unscrupulous" practices that she and her counsel believe are ubiquitous on Instagram. (*See id.* at ¶¶ 12-18.)  But Plaintiff's strong interest in the purportedly improper sponsorships and giveaways on Instagram is not enough to demonstrate Article III standing.  *See Muransky*, 979 F.3d at 924 ("[I]n order to find out if we can hear a party's claim, we need to consider whether that party has a case or controversy rather than, say, a strong and abiding interest in an issue, or a desire to obtain attorney's fees.").[3] Accordingly, the Complaint should be dismissed for lack of standing.

## II.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Setting aside Plaintiff's lack of standing, Plaintiff fails to plead any of her claims with the well-pleaded facts required under the Federal Rules of Civil Procedure.  Indeed, in many cases, Plaintiff fails entirely to plead the elements of her common law claims. Each of those claims can independently be dismissed for the reasons set for below.

### A.   Legal Standard

A claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if, accepting the well-pleaded allegations as true, a plaintiff is unable to state enough facts to

---

[3] And even if Plaintiff had pleaded that she lost a few moments of time clicking "Follow" or "Unfollow" to avoid these contests, settled Eleventh Circuit precedent makes clear that this also would not create standing.  *See supra* at 6-8; *see also Muransky*, 979 F.3d at 931 (rejecting allegation that Plaintiff spent time trying to avoid the prospect of future harm, holding that "plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves'") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416, 422 (2013)).

establish that it is plausible the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560, 127 S. Ct. 1955, 1968 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Twombly*, 550 U.S. at 556-57. Thus, naked allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). A plaintiff must "include factual allegations for each essential element of . . . [his] claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir.2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.").

Federal Rule of Civil Procedure 9(b) applies to claims that sound in fraud, and provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). This particularity requirement "alert[s] defendants to the precise misconduct with which they are charged." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations and citation omitted). Rule 9(b) thus requires that the plaintiff allege specific allegations of (1) the precise statements, documents, or misrepresentations made; (2) the time and place of, and person responsible for, the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Here, Rule 9(b) applies to Plaintiff's claims for negligent misrepresentation and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") because both sound in fraud. (*See,*

*e.g.*, Compl. ¶¶ 25, 39 92 (alleging fraud)); *see  Lamm v. State St. Bank and Trust*, 749 F.3d 938, 951 (11th Cir. 2014).[4]

### B.  Plaintiff has failed to state a claim under Florida law for Defendants' purported operation of an "illegal" Florida lottery.

#### 1.  Section 772.104 requires Plaintiff to allege, *inter alia*, a pattern of criminal activity and actual injury.

Section 849.08 is a criminal statute that makes it a crime to "set up, promote, or conduct any lottery for money or for anything of value." Fla. Stat. § 849.09.[5]  It does not provide a private cause of action.  Thus, any civil claim for violations of section 849.09 must be pursued under Florida's Civil Remedies for Criminal Practices Act.[6]  *See* Fla. Stat. § 772.101, *et seq.*  Section 772.104 provides civil remedies for a plaintiff who proves by clear and convincing evidence a violation of section 772.103, Florida's Racketeer Influenced and Corrupt Organizations Act ("RICO").  Section 772.103(1) provides that is unlawful for any person "[w]ho has *with criminal intent* received any proceeds derived … from a *pattern of criminal activity* . . . to use or invest . . . any part of such proceeds . . . in the *establishment or operation of any enterprise. Id.* (emphasis added.).

---

[4] *See also Linville v. Ginn Real Estate Co.*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. 2010) ("Rule 9(b) applies to claims for negligent misrepresentation"); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1322 (M.D. Fla. 2002) (Rule 9(b) applies to state deceptive trade practice acts).

[5] A lottery requires a prize, an award by chance, and consideration.  *See* Florida Op. Atty. Gen., 061-5, Jan. 16, 1961 (free bingo games for tourists for prizes lacked consideration).

[6] Count I also lists Section 894.094 of the Florida Statutes, titled, "Game promotion in connection with sale of consumer products or services."  But Plaintiff cannot state a claim under that section because it is not a "criminal activity" under section 772.102.  Further, as argued *infra*, Plaintiff does not allege facts to establish a violation of section 894.094.

The term "criminal activity" means to commit or to attempt to, conspire to, or solicit, coerce, or intimidate another to commit certain expressly-enumerated crimes. Section 849.09 is among them. Fla. Stat. § 772.102(1)(a)(31). But a "pattern of criminal activity" requires allegations of "at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents…." Fla. Stat. § 772.102(4). And an "enterprise" requires a plaintiff to plead the existence of "any individual, . . . corporation, or other legal entity, or any . . . group of individuals associated in fact." Fla. Stat. § 772.102(3).

Florida's RICO statute requires allegations of "ongoing criminal behavior" that are similar and interrelated.[7] *See Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, 17-60974-CIV, 2017 WL 4310754, at *17 (S.D. Fla. Sept. 28, 2017) (quoting *Ginsberg*, 645 So. 2d at 501; citing *State v. Lucas*, 600 So. 2d 1093, 1094 (Fla. 1992).) Where crimes are not alleged to be ongoing, "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* (citing *Lucas*, 600 So. 2d at 1094.) Moreover, an individual defendant, or the same person referred to by a different name, cannot constitute an "enterprise." *See Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co., Inc.*, 881 So. 2d 565 (Fla. 3d DCA 2004).

---

[7] "Because of the similarities between Florida and federal RICO acts, Florida looks to federal authority regarding the interpretation and application of its act." *Palmas Y Bambu*, 881 So. 2d at 570 (Fla. 3d DCA 2004) (citation omitted).

Finally, plaintiff must show an actual injury to business or property directly caused by the RICO violation. *See Meridian Tr. Co. v. Batista*, 17-23051, 2018 WL 4760277, at *4 (S.D. Fla. Sept. 30, 2018) (the "connection between the racketeering activity and the injury can be neither remote, purely contingent, nor indirect"); *Bortell v. White Mountains Ins. Group, Ltd.*, 2 So. 3d 1041, 1047 (Fla. 4th DCA 2009) ("Indirect harm is insufficient").

### 2. Plaintiff has failed to allege the elements necessary for a claim under Section 772.104 of the Florida Statutes.

Plaintiff's claim for operation of illegal lotteries should be dismissed for at least four reasons. *First*, Plaintiff has not sufficiently pleaded a civil claim under section 772.103 because she does not allege Defendants acted with criminal intent. Failure to plead criminal intent is fatal to such claims.[8] *See, e.g.*, *Ginsberg*, 645 So. 2d at 502 (directing trial court to dismiss complaint because plaintiff did not allege criminal intent); *Nat. Answers, Inc. v. SmithKline Beecham Corp.*, 04-22646-CIV, 2005 WL 8166086, at *5 (S.D. Fla. Feb. 7, 2005) (failure to allege criminal intent fatal to claim under Florida RICO).

*Second*, Plaintiff does not sufficiently plead any facts showing a "pattern" of ongoing or related criminal activity. She merely alleges that she participated in one lottery "on or about April 2020" (Compl. at ¶ 53) and asserts in conclusory fashion that Defendants "run illegal lotteries" and do so "on a recurring basis." (*Id.* at ¶¶ 18 ("run illegal lotteries"), 37 ("organizing of lotteries"), 52 ("running illegal lotteries on a recurring basis"), 66 ("promote her lotteries").) Clearly, these conclusory allegations are insufficient to

---

[8] Dismissal is warranted because Plaintiff does not identify which subsection of the provision is alleged. *See Signeo Int'l Ltd. v. Wade*, 6:12-CV-1884-ORL-DAB, 2013 WL 12153590, at *6 (M.D. Fla. Apr. 1, 2013).

establish ongoing criminal behavior.  *See Ginsberg*, 645 So. 2d at 501 (holding conclusive allegations of continuity lacking factual allegations were insufficient); *see Ferrell v. Durbin*, 311 F. App'x 253, 256 n.6 (11th Cir. 2009) (affirming dismissal due to "scant allegations" of predicate acts committed over limited time frame).[9]

  ***Third***, Plaintiff does not plead that proceeds derived from the criminal activity were used in the establishment or operation of any enterprise.  Defendants are alleged to be one and the same and Plaintiff does not identify any individuals as associates or employees.  Thus, Defendants are not alleged to be and cannot be an "enterprise."  *See Palmas Y Bambu, S.A.*, 881 So. 2d at 575 (noting company and personnel "do not form an enterprise" under RICO where they "associate together to commit a pattern of predicate acts in the course of their employment and on behalf of the corporation") (quoting *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir. 1994)).

  ***Fourth***, as argued *supra*, Plaintiff does not plead any specific injury or harm proximately caused by the alleged pattern of illegal lotteries.  This is fatal to Plaintiff's

---

[9] Plaintiff's other allegations of related criminal activity are similarly threadbare: (1) method of commission (*i.e.*, Defendants "advise 'influencers' to lie" (*see* Compl. at ¶ 18), "ask[] users to like a plethora of unrelated accounts" (*id.* at ¶ 19), and "advertise these games of chance mainly via Instagram Stories" (*id.* at ¶ 61)); (2) results (*i.e.*, "Plaintiffs are not winning anything" (*id.* at ¶ 22), but alleging one Florida winner (*id.* at ¶ 63); (3) accomplices (*i.e.*, identifying "influencers" who have promoted lotteries without details about their involvement or lotteries in which they participated (*id.* at ¶¶ 39, 40, 64,),); and (4) victims (*i.e.*, "thousands of similar situated individuals" (*id.* at ¶ 21) and followers of @jbsocialcollective because, "upon belief," they are "only following it because they were participants in one of her lotteries" (*id.* at ¶ 66)).  Conclusory allegations of interrelatedness of predicate criminal acts are insufficient.  *See Ferrell*, 311 F. App'x at 256 (affirming dismissal given "scant allegations"); *Signeo Int'l Ltd. v. Wade*, 6:12-CV-1884-ORL-DAB, 2013 WL 12153590, at *7 (M.D. Fla. Apr. 1, 2013) (finding there were not "enough specific acts" to support continuity or interrelatedness of predicate acts.)

claim, not only because Plaintiff cannot demonstrate Article III standing, but also because

Plaintiff has not alleged any injury.  *See Meridian Tr. Co.*, 17-23051, 2018 WL 4760277,

at *4 (failure to allege specific conduct that caused injury is fatal); *Bortell*, 2 So. 3d at 1047

(affirming dismissal where plaintiff did not allege RICO violation caused harm).[10]

### C.   Plaintiff has failed to allege any detriment sufficient to state a claim for unjust enrichment or that she lacks an adequate remedy of law.

Plaintiff's unjust enrichment claim requires her to adequately allege that "(1) the

plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted

and retained that benefit; and (3) the circumstances are such that it would be inequitable

for the defendants to retain it without paying the value thereof." *Omnipol, a.S. v. Worrell*,

421 F. Supp. 3d 1321, 1347 (M.D. Fla. 2019) (applying Florida law).  Plaintiff must also

allege that she suffered an injury and lacks an adequate remedy of law.  *Challenge Air*

*Transport, Inc. v. Transportes Aereos Nacionales, S.A.*, 520 So. 2d 323 (Fla. 3d DCA

1988).  "[I]t is not enough to show that the defendant obtained a benefit and that the plaintiff

---

[10] There are at least two additional bases for dismissal.  First, Plaintiff's allegations supporting the four causes of action are shotgun pleadings.  *See Velardo v. Nuvell Auto Fin.*, 608-CV-806-ORL-31DAB, 2008 WL 3260166, at *3 (M.D. Fla. Aug. 7, 2008) (noting shotgun pleadings violate Federal Rules of Civil Procedure 8(a) and 10(b), which requires that discrete claims be pleaded in separate counts) (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).  Second, Plaintiff fails to plead an illegal lottery and *see also Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So. 2d 490, 501 (Fla. 3d DCA 1994) (Florida's Civil Remedies for Criminal Practices Act does not apply without alleged criminal activity).  Plaintiff alleges Defendants are located in California, operate "game[s] of chance" on a global platform of over 100 million users, and use "influencers" to promote the lotteries. (Compl. at ¶¶ 4-6, 18.) This alleged conduct is squarely within an exception to the statute – a nationally advertised drawing or game of chance.  Fla. Stat. 849.09 ("[N]othing in this section shall prohibit … any nationally advertised … drawing [or] game … of … chance … unless it can be construed as a lottery").

was in some roundabout way damaged." *Omnipol*, 421 F. Supp. 3d at 1348 (citations and quotations omitted).

Here, Plaintiff's unjust enrichment claim should be dismissed. For one thing, Plaintiff has not alleged that she lacks an adequate remedy at law. Indeed, she elsewhere pleads exactly the opposite, seeking compensatory money damages under statutory and common law theories (without any allegation that those damages would be inadequate). (*See, e.g.,* Compl. at ¶¶ 80-83.) Florida courts presented with a claim for unjust enrichment alongside statutory or other claims predicated on the ***same alleged conduct*** have consistently rejected the unjust enrichment claim as "an equitable remedy available only where there is no adequate remedy at law." *Carrero v. LVNV Funding, LLC*, 11-62439-CIV, 2014 WL 6433214, at *4 (S.D. Fla. Oct. 27, 2014) (citation omitted); *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (finding an adequate remedy at law precluded plaintiff's unjust enrichment claim because the claim was based on the same set of allegations supporting statutory claims).[11]

Plaintiff separately has failed to allege a direct benefit that she conferred on Defendants to her detriment. It is well settled under Florida law that a plaintiff must plead facts showing that the benefit allegedly conferred on the defendant was a ***direct*** benefit. *See Kopel v. Kopel*, 229 So. 3d 812, 819 (Fla. 2017) (agreeing with *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA

---

[11] *See also In re US Capital Holdings, LLC*, 12-14517-JKO, 2013 WL 5297352, at *8-*9 & n.12 (Bankr. S.D. Fla. Aug. 5, 2013) ("overwhelming majority" of Florida cases have held that unjust enrichment is not available where there is an adequate legal remedy).

1996)).  For example, the Third District Court of Appeal has held that a plaintiff's payments to a defendant's subsidiary company did not constitute a direct benefit to the defendant even though the defendant ultimately retained at least a portion of the payments.  *See Extraordinary Title Servs., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 401, 404 (Fla. 3d DCA 2009).  As a result, those payments could not support an unjust enrichment claim against the defendant. *Id.*; *see also Kopel v. Kopel*, 117 So. 3d 1147, 1152–53 (Fla. 3d DCA 2013), *rev'd on other grounds*, 229 So. 3d 812 (Fla. 2017) ("indirect" benefit to the defendant insufficient for an unjust enrichment claim).  In this case, Plaintiff alleges that Defendants were paid by influencers—Plaintiff did not make any direct payment to participate in the giveaway.  (*See* Compl. at ¶¶ 51, 54 (Plaintiff admits that she only clicked "Follow" to participate).)  Because any benefit to Engelhardt & Co. or Ms. Engelhardt came from "micro-influencers" and because Plaintiff (at most) alleges that she conferred only an ***indirect*** benefit on Defendants, the unjust enrichment claim must be dismissed. *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (holding unjust enrichment claim unavailable against parent corporation that received payments from plaintiffs indirectly through its subsidiary).

Finally, Plaintiff has failed to allege that the circumstances would render it "inequitable" for Defendants to retain the supposed benefit Plaintiff alleges that she conferred.  As Florida courts have made clear, to show an inequitable result, a plaintiff must allege "that ***the plaintiff was harmed in some way*** before courts will impose this equitable remedy."  *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1334 (S.D. Fla. 2007) (quoting *Green c. McNeil Nutritionals, LLC*, Case No. 2004-0379-CA, 2005 WL 3388158,

17

at *6 (Fla. Cir. Ct. Nov. 16, 2005)) (emphasis added).  Here, for the same reason that Plaintiff has failed to allege she suffered a concrete injury in fact, she has failed to allege any harm sufficient to state a claim for unjust enrichment.  Plaintiff has alleged only that she was harmed by clicking "Follow" on Instagram profiles to participate in a free contest. This allegation plainly fails to show a harm that requires equitable relief.  *See Prohais*, 485 F. Supp. 2d at 1334 (dismissing unjust enrichment claim for "failure to allege injury"); *Ironworkers Local Union No. 68 v. AstraZeneca Pharmaceuticals LP*, 585 F. Supp. 2d 1339, 1346-47 (M.D. Fla. 2008) (dismissing unjust enrichment claim based on the "remoteness of plaintiffs' injuries from defendants' wrongdoing") (citations omitted).

> **D.    Plaintiff has failed to adequately allege the elements of her negligent misrepresentation claim.**

Plaintiff's negligent misrepresentation claim requires her to plead with particularity under Rule 9(b) that:  (i) a misrepresentation (or omission) of material fact was made to her; (ii) Defendants knew that the misrepresentation (or omission) was false, or made the misrepresentation without knowledge of its truth or falsity; (iii) Defendants intended for Plaintiff to rely on the false representation (or omission); (iv) Plaintiff did, in fact, rely on that false representation (or omission); and (v) Plaintiff suffered damages as a result of his reliance on the false representation (or omission).  *See Linville*, 697 F. Supp. 2d at 1307; *In re Lichtman*, 388 B.R. 396, 409 (Bankr. M.D. Fla. 2008) (same); *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1286 (S.D. Fla. 2011) (same).

Here, Plaintiff does not plead ***any*** facts supporting her negligent misrepresentation claim.   Indeed, aside from a single, generic allegation alleging "Defendants made representation [*sic*] that they knew to be false, or negligently failed to examine the veracity

of the affirmations" (Compl. ¶ 85), Plaintiff does not allege (1) any specific misrepresentation (or omission) made, (2) how that misrepresentation (or omission) was material, (3) the "content and manner in which the statements misled the plaintiff," or (4) what the defendant gained by the alleged fraud. *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316. Likewise, Plaintiff does not even include a generic allegation that she relied on any misstatement or omission in deciding to participate in the free giveaway. This is fatal to her claim. *See Roberts v. Victoria's Secret Stores, LLC*, 18-CV-61534, 2018 WL 8059094, at *6 (S.D. Fla. Dec. 3, 2018), *report and recommendation adopted*, 18-61534-CIV, 2018 WL 8058969 (S.D. Fla. Dec. 20, 2018) (dismissing claim for negligent misrepresentation where complaint did not identify specific misrepresentations or particularized allegations); *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012) (same where plaintiffs did not allege reliance or what damages arose from reliance on the purported misrepresentations). Likewise, Plaintiff fails to allege that she incurred any injury resulting from her purported reliance on any misrepresentation or omission. However, as with Plaintiff's other claims, her negligent misrepresentation claim requires plaintiff to "plead some injury which resulting to the plaintiff by acting in justifiable reliance upon the defendant's misrepresentation." *Prohais*, 485 F. Supp. 2d at 1334 (dismissing negligent misrepresentation claim).

### E. Plaintiff has failed to adequately allege a claim under FDUTPA.

Under Florida law, plaintiffs alleging a FDUTPA violation must adequately allege a deceptive or unfair trade practice, causation, and actual damages. *See Parr v. Maesbury Homes, Inc.*, 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (M.D. Fla. Dec. 22,

2009) (citing *Third Party Verification, Inc. v. Signatureline, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007)); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). The remedies available to claimants under FDUTPA are set forth in § 501.211.  FDUTPA provides that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." Fla. Stat.  § 501.211(1). Moreover, "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person shall recover ***actual*** damages, plus attorney's fees and court costs as provided in Section 501.2105."  Fla. Stat.  § 501.211(2) (emphasis added).

Here, Plaintiff's claim for a violation of FDUTPA should be dismissed for several reasons.  ***First***, as discussed *supra* at 9-10, Plaintiff's FDUTPA claim sounds in fraud and must be pleaded with particularity under Rule 9(b).  Plaintiff fails to plead with particularity any deceptive misstatement or omission sufficient to demonstrative a deceptive or unfair trade practice.  *See id.*  Indeed, Plaintiff to specifically identify any deceptive or fraudulent conduct relating to her participation in the giveaway.

***Second***, Plaintiff fails to adequately allege that Defendants engaged in any predicate act that would constitute a deceptive or unfair practice. Section 501.203(3)(c), Florida Statutes, states that a violation of any law "which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate deceptive or unfair practice for a FDUTPA claim.  *Parr*, 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *6 (citing *Meitis v. Park Square Enters., Inc.*, No. 6:08–cv–1080–Orl–22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan.21, 2009)).  The text of a statute

also may expressly state that it is to serve as a FDUTPA predicate. *Id.* (citing *Feheley v. LAI Games Sales, Inc.*, No. 08–23060–CIV, 2009 WL 2474061 at *4 (S.D. Fla. Aug.11, 2009) (finding that Florida Statute § 849.15 fails to serve as per se FDUTPA predicate because it does not include express language to that effect).

Here, even if Plaintiff had adequately pleaded a violation of Section 849.09 of the Florida Statutes—which she did not—purported violations of section 849.09 are not expressly or impliedly *per se* violations of FDUTPA.[12]  Plaintiff, as a result, seeks to demonstrate that Defendants' purported conduct constitutes a *per se* violations of 15 U.S.C. § 45(a), which Plaintiff alleges would be a *per se* FDUTPA violations. (Compl. at ¶¶ 90-93.)  But her conclusory allegations and the statutory text of 15 U.S.C. § 45(a) belie this claim, and Plaintiff's remaining allegations merely trace FDUTPA's statutory requirements.  Courts routinely dismiss claims based on such conclusory allegations.[13]

---

[12] As argued in section II.B., Plaintiff has not alleged a violation of section 849.09 and, thus, her FDUTPA claim fails. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 902 (11th Cir. 2020) (FDUTPA claim dismissed because plaintiff failed to state predicate claims).  Moreover, section 849.09 facially prohibits **any** Florida lottery, regardless of its fairness or lack of deception.  Because that section does not expressly relate to deception or unfair trade practices, it does not impliedly seek to regulate such practices.  *See Feheley*, 08-23060-CIV, 2009 WL 2474061, at *3 (rejecting construction of gambling statute as *per se* FDUTPA violation because "[i]t neither expressly nor impliedly regulates unfair or deceptive trade practices, and no Florida court has ever cited it as a FDUTPA predicate").

[13] *See, e.g.*, *Fid. Nat'l Fin., Inc.*, 315CV01400HESPDB, 2017 WL 3726687, at *3 (conclusory description of conduct insufficient under Fed. R. Civ. P. 8(a) or 9(b)); *HW Aviation LLC v. Royal Sons, LLC*, 807-CV-2325-T-23MAP, 2008 WL 4327296, at *6 (M.D. Fla. Sept. 17, 2008) (conclusory allegations of deceptive, unfair, or unconscionable actions are insufficient under FDUTPA."); *Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc.*, 2005 WL 975773, at *9 (S.D. Fla. 2005) (recommending dismissal because complaint lacked sufficient factual allegations of "unfair or deceptive" conduct); *Infinity Global, LLC v. Resort at Singer Island, Inc.*, 2008

**Third**, Plaintiff has failed to plead any actual damages.  *See Dorestin v. Hollywood Imps., Inc.*, 45 So. 3d 819, 824 (Fla 4th DCA 2010) ("Proof of actual damages is necessary to sustain a FDUTPA claim."); *Jovine v. Abbott Laboratories, Inc.*, 795 F. Supp. 2d 1331, 1344 (S.D. Fla. 2011) (dismissing claim for failure to plead actual damages); *Parr v. Maesbury Homes, Inc.*, No. 609CV-1268-ORL-19GJK, 2009 WL 5171770, at *8 (M.D. Fla. Dec. 22, 2009) (same).  As discussed throughout this Motion, Plaintiff has not alleged any harm or injury resulting from Defendants' purported conduct, and even the most generous reading of her Complaint shows that she thinks she was harmed by wasting time clicking "Follow" a bunch of times on Instagram.  Such an allegation clearly does not plead actual damages sufficient to support a FDUTPA claim.

For example, in *Baptist Hosp., Inc. v. Baker*, 84 So. 3d 1200, 1204–05 (Fla. 1st DCA 2012), the First Circuit affirmed the decision that a Plaintiff had no right to recover for a FDUTPA claim challenging hospital liens where the plaintiff suffered no "actual damages" as a result of the liens.  He testified that he did not anticipate any financial gains from the lawsuit or "actual damages as a result of the imposition or payment of the lien," and the court thus found that he could not maintain a FDUTPA claim.  *Id.*  Likewise, in *City First Mortg. Corp. v. Barton*, the Fourth District rejected a borrower's FDUTPA claim where the borrower essentially argued that he had wasted time trying to refinance a loan based on a lender's misrepresentations.  988 So. 2d 82, 86 (Fla. 4th DCA 2008) (FDUPTA does not provide for "compensation for subjective feelings of disappointment") *Id.*

---

WL 1711535 at *4 (S.D. Fla. 2008) ("[A] plaintiff must do more than merely allege in a conclusory fashion that a defendant's actions constituted an 'unfair or deceptive act'.").

(quoting *Butland,* 951 So. 2d at 873).  Florida courts have ruled similarly in other cases where the plaintiff could not allege any tangible injury or out-of-pocket loss.  *See Licul v. Volkswagen Grp. of Am., Inc.,* No. 13-61686-CIV, 2013 WL 6328734, at *5 (S.D. Fla. Dec. 5, 2013) (because the plaintiff did not suffer any out-of-pocket lost for failure to disclose a car defect, she "did not suffer the loss of any value in the [car] that could constitute 'actual damages'").[14]  Because Plaintiff suffered no actual damages resulting from Defendants' alleged conduct, she cannot state a claim under FDUTPA.

## III.   PLAINTIFF HAS FAIL TO PLEAD A BASIS FOR PERSONAL OR VICARIOUS LIABILITY AGAINST MS. ENGELHARDT.

"'A fundamental principle of Anglo-American law is that a business operating as a legally recognized entity is separate and distinct from its owners."  *Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1240 (S.D. Fla. 2015) (quoting 114 A. Jur. Proof of Facts 3d 403 (2015)).  Thus, to "state a claim based on vicarious liability, a plaintiff must 'set forth any ultimate facts that establish either actual or apparent agency.'"  *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347 (S.D. Fla. 2018) (quoting *Goldschmidt v. Holman*, 571 So. 2d 422, 423 (Fla. 1990)).  Specifically, a plaintiff must "sufficiently allege the elements of agency in additional to the elements of the underlying [tort] for which the plaintiff seeks to hold the principal liable."  *Honig*, 339 F. Supp. 3d at 1348.  Florida law

---

[14] *See also Taran v. Blue Cross Blue Shield of Florida, Inc.*, 685 So. 2d 1004, 1006 (Fla. 3d DCA 1997) (affirming dismissal of class action complaint where there was no actual damages).  The fact that Plaintiff seeks compensatory damages under a Florida statute does not change this analysis.  *See Plain Bay Sales, LLC v. Gallaher*, No. 18-80581-CIV, 2019 WL 3429137, at *5 (S.D. Fla. May 3, 2019) (alleged violations of the Florida Administrative Code were "not sufficient to sustain a [per se] FDUTPA claim" where only allegations of actual damages were that misrepresentations "induced [Plaintiff] to purchase a horse for $950,000, an action they would not have taken if they had known the truth").

imposes the same requirements for a pleading that seeks to pierce the corporate veil or plead an alter ego theory. *See Omega Psi Phi Fraternity, Inc. v. HCE Group of Companies, Inc.*, Case No. 11-CV-80479, 2011 WL 13228098, at *3 (S.D. Fla. Oct. 19, 2011) (dismissing claims against company owner and finding "[a] plaintiff seeking to pierce the corporate veil bears a very heavy burden").

Here, Plaintiff pleads a single allegation in support of her attempt to hold Ms. Engelhardt personally liable in this case, alleging that she is the "principal" of Engelhardt & Co. and "acting alone or in concert with others, formulated, directed, controlled, had the authority to control, or participated in . . . the acts and practices set forth in this Complaint." (*Id.* at ¶ 28.) But this attempt to plead claims against Ms. Engelhardt  personally or vicariously is both procedurally and factually deficient. "Florida law is clear that in order to pursue a vicarious liability claim, the claimant plead it as a separate cause of action." *Honig*, 339 F. Supp. 3d at 1347 (quotation and citation omitted). At a minimum, each separate claim for relief must be pled in separate counts. *See S-Fer Int'l, Inc. v. Stonesheets, LLC*, Case No. 14-24662-CIV, 2016 WL 8808749, at *3 (S.D. Fla. July 22, 2016) (dismissing owner under alter ago theory). Plaintiff failed to plead any separate claim against Ms. Engelhardt and, instead, impossibly commingles the Defendants and the allegations against them throughout the Complaint. *See Gharfeh v. Carnival Corp.*, 309 F. Supp. 3d 1317, 1323-24 (S.D. Fla. 2018) (dismissing in part "commingled claims for vicarious liability")

Plaintiff's claims against Ms. Engelhardt also fail because Plaintiff has not pleaded a single fact showing that Ms. Engelhardt either (1) can be held vicarious liability for the

acts of Engelhardt & Co. or (2) can be held personally liable under a corporate veil or alter ego theory.  Courts have repeatedly dismissed claims against individual defendants on this basis.  *See HCE Group*, 2011 WL 13228098, at *4 (dismissing claims against owner where owner is "shielded from personal liability absent circumstances warranting piercing the corporate veil"); *S-Fer Int'l*, 2016 WL 8808749, at *4 (conclusory allegations that owner controlled or dominated company are insufficient to plead alter ego theory); *Honig*, 339 F. Supp. 3d at 1348 (dismissing claims for fail to allege vicarious liability); *Orginsky v. Paragon Props. of Costa Rico LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011) (plaintiff failed to allege that owner "dominated and controlled" company); *see also Honig*, F. Supp. 3d at 1348 (dismissing vicarious liability claims for lack of factual allegations); *Gharfeh.*, 309 F. Supp. 3d at 1323-24 (dismissing in part commingled vicarious liability claims); *Goldschmidt v. Holman*, 571 F. So. 2d 422, 423 (Fla. 1990) (requiring plaintiff to plead ultimate facts supporting vicarious liability claim).  Accordingly, Ms. Engelhardt respectfully requests that she be dismissed from this action.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss this action with prejudice, and grant such other relief as may be deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), I conferred with opposing counsel concerning the matters set forth in this Motion and Plaintiff opposes the Motion.

Dated: January 1, 2021                      Respectfully submitted,

                                            **STUMPHAUZER FOSLID SLOMAN
                                            ROSS & KOLAYA, PLLC**
                                            Two South Biscayne Boulevard, Suite 1600
                                            Miami, FL  33131
                                            Telephone: (305) 614-1400
                                            Facsimile: (305)614-1425

                                            */s/ Ian M. Ross*_____
                                            IAN M. ROSS
                                            Florida Bar No. 091214
                                            iross@sfslaw.com
                                            JORGE A. PEREZ SANTIAGO
                                            Florida Bar No. 91915
                                            jperezsantiago@sfslaw.com
                                            electronicservice@sfslaw.com

                                            *Counsel for Defendants Jamie Barbary a/k/a
                                            Jamie Engelhardt and Engelhardt & Co.,
                                            LLC*


            [Certificate of Service and Service List are on the following pages]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing a copy of the foregoing document to be served on all counsel of record via Notice of Electronic Filing.

*/s/  Ian M. Ross___*
IAN M. ROSS

[Service List are on the following pages]

### SERVICE LIST
*Colceriu v. Barbary, et al.*
**Case No. 8:20-cv-01425-MSS-AAS**
**United States District Court, Middle District of Florida**

Bogdan Enica
**Bogdan Enica, Esq.**
66 W. Flagler Street, Suite 900
Miami, FL 33130
786-588-4758
Email: b.enica@fashion.law

*Counsel for Plaintiff*