UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGIA COLCERIU,
on behalf of herself and all
others similarly situated,

    Plaintiff,

v.                         Case No.: 8:20-cv-1425-MSS-AAS

JAMIE BARBARY a/k/a/ JAMIE
ENGELHARDT, ENGELHARDT & CO.,
LLC,

    Defendants.
_____/

## ORDER

Defendants Jamie Barbary a/k/a Jamie Engelhardt and Engelhardt & Co., LLC (collectively, the defendants) move to stay discovery pending the court's ruling on the defendants' motion to dismiss (doc. 24). (Doc. 28). Plaintiff Ligia Colceriu opposes the motion.[1] (Doc. 33).

---

[1] The court first granted the defendants' motion due in part to the fact that the plaintiff did not respond in opposition to the motion. (*See* Doc. 30, pp. 1, 2). However, the court erred in calculating the plaintiff's response deadline because it landed on a federal holiday. Because of this error, the plaintiff did not have adequate time to respond to the defendants' motion to stay discovery. Thus, on reconsideration, the court vacated its previous order granting a discovery stay and will now consider the plaintiff's response. (*See* Doc. 32).

1

District courts have inherent power to control their dockets and manage their cases. *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). This inherent power includes the discretion to stay the proceedings. *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D. Fla. Aug. 14, 2014).

Courts in this district have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citations omitted). The Middle District Handbook on Civil Discovery Practice states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) § I.E.4.

In deciding a defendant's request for a stay of discovery pending a ruling on a dispositive motion, "it is necessary for the court to 'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. When evaluating whether a motion to dismiss is "clearly meritorious," courts consider

2

whether "any binding Eleventh Circuit authority" clearly requires dismissal of the claims. *See Meyer v. Diversified Consultants, Inc.*, Case No. 3:14-cv-393-J-34JBT, 2014 WL 5471114, at *2 (M.D. Fla. Oct. 29, 2014).

The defendants request dismissal based on the insufficiency of the plaintiff's allegations in the complaint, including failing to plead an injury sufficient to confer standing. (Doc. 24). Even assuming the motion to dismiss will be granted, the plaintiff states she will request leave to amend any pleading deficiencies. (Doc. 33, pp. 3-4). Thus, the defendants failed to demonstrate that resolving its motion to dismiss will be case dispositive. *See Datto v. Fla. Int'l Univ. Bd. of Trustees*, No. 20-cv-20360, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020) ("Here, the Court cannot conclude at this juncture that Defendant's motion to dismiss will be granted and, even if so, whether such dismissal would be of the Complaint its entirety and with prejudice."); *see also Renuen Corp. v. Lameira*, No. 6:14-cv-1754-Orl-41T, 2015 WL 1138462, at *2 (M.D. Fla. Mar. 13, 2015) ("Even if the Court assumes Lerman's motion to dismiss the RICO count will be granted the likelihood that Plaintiffs will not be given leave to amend is slim and none. Therefore, regardless of their merit, the motions to dismiss are not truly case dispositive."); *Sprint Sols., Inc. v. Cell Xchange, Inc.*, 8:14-cv-233-T-27AEP, 2014 WL 4947819, at *2-3 (M.D. Fla. Oct.

3

1, 2014) (holding the stay of discovery is not warranted when it is unclear whether motion to dismiss will dispose of the entire case).

The defendants argue that "a short stay does not pose any risk that witness memory or evidence will be list during a short stay," quoting *Soldevilla v. On the Barrelhead, Inc.*, Case No. 19-cv-14462-MARRA, 2020 WL 597317, at *1 (S.D. Fla. Feb. 5, 2020). However, in *Soldevilla* the plaintiffs articulated no prejudice related to the discovery stay.

The events giving rise to this claim occurred on the social media platform Instagram. (Doc. 1). The plaintiff asserts that the defendants run illegal lotteries (a/k/a/ giveaways) with the assistance of various "influencers." (Doc. 1). These "influencers" may post several times throughout the day and sometimes delete posts from their profiles. Instagram maintains data for deleted accounts for no more than six months. *See Data Policy, Instagram Help Center*, https://help.instagram.com/519522125107875. Thus, a delay in discovery may lead to the destruction of evidence.

The defendants failed to demonstrate that resolving its motion to dismiss will be entirely case dispositive. The possible burden imposed on the defendants in responding to discovery is outweighed by the potentially prejudice to the plaintiff if evidence is destroyed. Thus, the balance tips in favor

4

of requiring discovery to go forward.

Accordingly, the defendants' motion to stay discovery (Doc. 28) is **DENIED**.

**ORDERED** in Tampa, Florida on March 5, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge