IN THE UNITED STATE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

LIGIA COLCERIU, and those similarly situated,

    *Plaintiff*,

v.

JAMIE BARBARY a/k/a JAMIE ENGELHARDT, ENGELHARDT &CO. LLC.,

    *Defendants*.

_____/

CASE No. 20-CV-01425-MSS-AAS

### DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Middle District of Florida Local Rules 1.11(c) and (d), Defendant Jamie Barbary a/k/a Jamie Engelhardt and Engelhardt & Co., LLC ("Defendants" or "Engelhardt") respectfully move for an order sealing Exhibits 1 through 8 cited in Plaintiff Ligia Colceriu's ("Plaintiff" or "Colceriu") Response in Opposition to Defendants' Motion for Rule 11 Sanctions (the "Opposition" or "Opp'n" (ECF No. 52)). Accordingly, Engelhardt submits the following memorandum of law.

### INTRODUCTION

Engelhardt is a private one-person business that has had to defend itself in this litigation from false and embarrassing allegations that could harm its professional reputation because Colceriu claims that she clicked "Follow" on 62 Instagram accounts and did not subsequently win a prize. (Am. Compl. at ¶¶ 21, 57-60, 69, 106.) Despite warning Colceriu and her counsel in two separate Rule 11

1

letters, Plaintiff knowingly filed an Amended Complaint containing materially false and frivolous allegations. In fact, all five counts of the Amended Complaint are based on Plaintiff's false allegations that Engelhardt: (1) "convinced and paid or otherwise rewarded a few influencers to pretend to organize a lottery" (Am. Compl. at ¶ 57, 69, 106); (2) is running "illegal lotteries" (*id.* at ¶ 21, 60, 106); (3) advised "influencers" to omit required information or "tell outright lies" (*id.* at ¶¶ 21, 58); and (4) has made hundreds of thousands or millions of dollars in these giveaways (*id.* at ¶¶ 26, 80-82, 102-03).

Instead of retracting her false allegations, Plaintiff's Opposition **adds** improper allegations of criminal conduct without evidentiary foundation using Engelhardt's confidential financial and business information obtained through discovery.  For instance, she claims these documents show Engelhardt and influencers are "pretend[ing] to organize a lottery" and instructing influencers to "omit information or tell outright lies." (Opp'n at 3, 6.)  They do not.  And, misreading a third-party vendor's request for payment from Engelhardt, she argues that Engelhardt is "involved in dubious payment schemes" that are "***most likely***" intended to "avoid reporting the amount received as business income" and "hide profits made from the illegal lotteries." (Opp'n at 3, n.1 (citing Ex. 2) (emphasis added).)  From there, Plaintiff concludes that "we may safely ***assume*** that the income obtained is substantially higher than the income reported." (*Id.* at n.1 (emphasis added).)  Plaintiff further misstates Engelhardt's financial records to claim its net profits are "just shy of one million" and unjustifiably leaps to the

conclusion that Engelhardt "forced [influencers] to lie" about charitable contributions because Engelhardt may have **underreported** its 2020 charitable contributions. (*Id.* at 7-8 (citing Ex. 3).)

The Court should not allow Plaintiff to support its misinformation campaign by unnecessarily disclosing to the public, including its competitors and clients, Engelhardt's confidential financial records and business information. For these reasons and those set forth below, this Court should seal Exhibits 1 through 7 and Engelhardt's income information on page 7 of the Opposition until 90 days after the case is closed and all appeals exhausted pursuant to Middle District of Florida Local Rule 1.11(f).

## MEMORANDUM OF LAW

### I. Legal Standard

Local Rule 1.11(c) provides that a party seeking to file under seal must include in their legal memorandum supporting the seal (1) a description of the item proposed for sealing; (2) the reason filing and sealing the item is necessary and that partial sealing or other means are unavailable or unsatisfactory; and (3) a proposed duration of the seal. Although the general policy is that court filings are matters of public record, a court may seal documents in connection with a substantive motion where the moving party shows that the balance tips in favor of its interest in keeping the information confidential and against the public's common law right of access. *See Barkley v. Pizza Hut of Am., Inc.*, 614CV376ORL37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) ("A party's

3

privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.") (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). "When balancing the public's common-law right to access judicial records against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

## II. Description of Documents to be Filed Under Seal and Factual Basis for Sealing

Engelhardt seeks to file under seal several confidential documents filed by Plaintiff in her Opposition to Engelhardt's Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff obtained Exhibits 1-8 through discovery in these proceedings. Each exhibit was designated confidential by Engelhardt pursuant to the parties' Confidentiality Agreement and Stipulated Protective Order (the "Confidentiality Agreement").[1]

Exhibits 1 and 5-7 each contain communications that reveal confidential business information, including Engelhardt's business operations, identification

---

[1] The parties have not filed the Confidentiality Agreement in accordance with Magistrate Judge Sansone's "Preferences" available at
https://www.flmd.uscourts.gov/judges/amanda-arnold-sansone.

and contact information of innocent third-party "influencers," negotiations with those "influencers," and informal agreements.

Exhibit 2 contains a confidential communication with an innocent third-party business vendor, identifies an innocent third-party "influencer" and their contact information, and includes information concerning the form of payment acceptable to the third-party business vendor.

Exhibit 3 contains a confidential 2020 annual income statement for Engelhardt that provides net revenue, itemized expenses that identify at least one innocent third party, and net profit. Plaintiff also seeks to disclose confidential financial information from Exhibit 3 on page 7 of the Opposition.

And Exhibit 4 contains excerpts of Engelhardt's confidential deposition testimony regarding its 2019 annual income statement, disclosure of payments to specific innocent third-party influencers, disclosure of business operations relating to income derived from national giveaways, and Engelhardt's net profits, revenue, and expenses.

### III. Sealing these Confidential Records Filed by Plaintiff is Necessary to Avoid the Harm from Public Disclosure of its and Innocent Third Parties' Sensitive Commercial Information.

District courts in the Eleventh Circuit have allowed documents containing confidential information relating to a defendant's financial records, terms of confidential agreements, and business operations, and the confidential and competitively sensitive information of non-parties who have not consented to its disclosure, because the privacy interests in non-disclosure of the aforementioned

information overcomes the interest of the public in accessing the information. *See Local Access, LLC v. Peerless Network, Inc.*, 614CV399ORL40TBS, 2015 WL 5897743, at *1-*2 (M.D. Fla. Oct. 7, 2015) (sealing emails, agreements, and deposition transcript containing information about customers, confidential contract terms, and the valuation of plaintiff's business because "[a] party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access") (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10–CV–891–J–JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010)); *Barkley v. Pizza Hut of Am., Inc.*, 614CV376ORL37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing information regarding defendant's business operations and confidential and competitively sensitive information of non-party entity because competitors could use information to undercut defendant in the market); *U.S. ex rel. Westfall v. Axiom Worldwide, Inc.*, 806-CV-571-T-33TBM, 2008 WL 5341140, at *4 (M.D. Fla. Dec. 19, 2008) (seal required to protect innocent third parties who have not consented to disclosure of their information).

Here, Exhibits 1 and 5-7 contain communications that reveal Engelhardt's business operations, identify and provide the contact information of innocent third-party "influencers," and include business negotiations with those "influencers" and the terms or potential terms of their informal agreements. Exhibit 2 contains a confidential communication with an innocent third-party business vendor that identifies an innocent third-party "influencer," including

6

their contact information, who the vendor appears to represent.  Further, it presents payment options acceptable to that vendor, which Plaintiff uses to accuse Defendants and the non-party influencer of hiding money transfers, income, and profits.  And Exhibits 3 and 4 are Engelhardt's financial records and deposition testimony concerning those records and payment information for specific innocent third-party "influencers," disclosure of business operations relating to income derived from national giveaways, and Engelhardt's net profits, revenue, and expenses. Plaintiff also seeks to disclose confidential financial information from Exhibit 3 on page 7 of the Opposition. The public does not have any interest in disclosure of Engelhardt's confidential financial records and business operations or non-party commercially sensitive information.

Importantly, Engelhardt's and the non-parties' privacy interests are particularly heightened here.  In fact, Plaintiff's Opposition to the Rule 11 motion for sanctions uses the confidential information to make improper inferences and allegations of fraudulent or criminal conduct.

Applying the relevant legal standards, Engelhardt respectfully requests that the Court finds that the harm that Engelhardt and innocent non-parties who have not consented to the public disclosure of commercially sensitive information will sustain through disclosure of that information outweighs any marginal public interest in disclosure in this action alleging Plaintiff was injured because she clicked "Follow" on 62 Instagram accounts and did not subsequently win a prize. While sealing the above-requested documents will not impair Court function, not

sealing them will harm legitimate privacy interests and may cause injury. *See Yellowpages Photos, Inc. v. YP, LLC*, 8:17-CV-764-T-36JSS, 2019 WL 12529101, at *1 (M.D. Fla. June 19, 2019) (sealing confidential and sensitive financial information related to defendants) (citing *Barkley*, 2015 WL 5915817, at *3 (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC*, 2015 WL 5897743, at *1 ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

Although Engelhardt does not believe the communications have any relevance to its Motion for Rule 11 Sanctions, Plaintiff seeks to file these documents in its Opposition and there is not a less onerous alternative to sealing the documents because the redacted information may be relevant to the Court's assessment of Plaintiff's Opposition.

## CONCLUSION

Wherefore, for the foregoing reasons, Engelhardt respectfully asks this Court to grant this motion to file its confidential documents under seal.

## Local Rule 3.01(g) Certification

I hereby certify that counsel for Defendants conferred with counsel for Plaintiff via e-mail on Wednesday, August 25, 2021, and that Plaintiff opposes Defendants' requested relief with respect to Exhibit 2. Plaintiff otherwise does not take a position on Defendants' other requested relief herein.

Dated: August 26, 2021

Respectfully Submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard,
Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: /s/ *Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
JORGE A. PEREZ SANTIAGO
Florida Bar No. 91915
jperezsantiago@sfslaw.com
electronicservice@sfslaw.com

*Counsel for Jamie Barbary a/k/a Jamie Engelhardt and Engelhardt & Co. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2021, that the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, causing a true and correct copy to be served on counsel of record identified below via a Notice of Electronic Filing.

/s/ *Ian M. Ross*
IAN M. ROSS

**SERVICE LIST**
*Colceriu v. Barbary, et al.*
**Case No. 8:20-cv-01425-MSS-AAS**
**United States District Court, Middle District of Florida**

**Bogdan Enica**
Bogdan Enica, Esq.
66 W. Flagler Street, Suite 900
Miami, FL 33130
786-588-4758
Email: b.enica@fashion.law

*Counsel for Plaintiff*