UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGIA COLCERIU, and those
similarly situated,

Plaintiffs,    CASE NO: 8:20-cv-1425-T-35AAS

v.

JAMIE BARBARY and
ENGELHARDT & CO. LLC,
Defendants.

## MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, LIGIA COLCERIU, by and through her undersigned counsel hereby files a Motion to Strike Defendants' Notice of Supplemental Authority [ECF #53] ("Notice"), in support thereof, states as follows:

### STATEMENT OF FACTS

The initial Complaint in this case was filed on June 20, 2020, and the First Amended Complaint in this case was filed on July 6, 2021, with leave of court.

The First Amended Complaint alleged multiple causes of action against Jamie Barbary and Engelhardt & Co LLC, as organizers and promoters of illegal lotteries in Florida. No influencers are named as defendants in the First Amended Complaint.

As disclosed in the Notice of Related Actions [ECF #40], the same Plaintiff

1

filed a similar action, in a Palm Beach County court, against one lottery organizer and one influencer, both based in Palm Beach, Florida. ("Collins litigation"). That action is based on the specific facts surrounding that lottery.

On August 22, the Court in Palm Beach entered an Order granting Collins' Motion for Judgment on Pleadings ("MJP") in the Collins litigation, dismissing only the claims against influencer Alexa Collins and not the ones against the lottery organizers.

Defendant's main argument in the Collins litigation was that a federal court already dismissed "an identical claim" (see Exhibit "1"). The Defendant also argued that Plaintiff did not state in her complaint that she participated in the specific lottery advertised by Collins.

The Defendants filed the Order issued in the Collins litigation as supplemental authority in support to their Motion to Dismiss Amended Complaint [ECF #47] in this case, stating that the claims in the Collins litigation are "nearly-identical" with the claims in the Amended Complaint.

## ARGUMENT AND MEMORANDUM OF LAW

Rule 3.01(i) permits filing of supplemental authority. "After filing a legal memorandum but before a decision, a party identifying a supplemental authority that is not merely cumulative may file — without argument or comment — a notice of

supplemental authority that contains […] (2) a specification by page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements; […].

**First,** the Defendants were unable to specify by "page, paragraph, and line of the issue or argument in the earlier paper that the authority supplements" but rather presented a range of arguments stretched over more than seven pages. (Notice pg.2).

**Second**, while the Rule clearly states that a Notice to Supplement should not engage in argument or comment, the Defendants did exactly that, interpreted the document and suggested, wrongly we must say, that the case attached to the Notice brought "nearly-identical claims" with the claims in the First Amended Complaint.

In fact, the Notice is nothing else than a fallacious argument in favor of Defendants Motion to Dismiss Amended Complaint [ECF #47]. Specifically, Defendant's Notice is a propositional fallacy, trying to affirm a consequent.

A propositional fallacy takes place when the antecedent in an indicative conditional is claimed to be true because the consequent is true: if A, then B; B, therefore A. Wilson, W. Kent, *"Formal fallacy". In Audi, Robert (ed.). The Cambridge Dictionary of Philosophy (2nd ed.).* pp. 316–17, Cambridge University Press (1999).

This is exactly the case here. The Defendants used the Order on the Motion to Dismiss [ECF #43] as basis for arguing their MJP in the Collins litigation. "Plaintiff has had an identical claim dismissed for lack of standing" reads the first argument

during the hearing on the Collins case. See Exhibit "1.[1]"

Applying a classic propositional fallacy, the Defendants are arguing that the Order in the Collins litigation, obtained on the basis on this Court's Order on the Motion to Dismiss the initial Complaint, should be considered back by this Court as *relevant "authority"* in deciding the Motion to Dismiss the Amended Complaint.

If we are applying basic transitive logic to Defendants' proposition, the First Amended Complaint in this case [ECF #44] is "identical" or "nearly-identical" to the initial Complaint [ECF #1] and, therefore should be dismissed on this ground alone. This should not be the case here.

Indeed, in their MFP in the Collins case, counsel for the Defendants stated that the Collins case raised an "identical claim," with the one raised in the Complaint [ECF #1] in this case. Further in their Notice [ECF #53], same counsel states that the claims in the First Amended Complaint [ECF #44] are "nearly-identical" with the claims in the Collins case (Notice pg.2). Therefore, by applying simple transitive logic to these two propositions, the claims in the Complaint are "identical" or "nearly-identical" with the claims in the First Amended Complaint. This is simply not the case here and it contradicts the arguments made by the Defendants in their own Motion to Dismiss Amended Complaint which uses the

---

[1] Exhibit "1" is the third page of the material used by counsel for the Defendants, Ian Ross, while arguing the Collins case. This is the first page of the argument since the previous pages only listed the caption of the case and motion and the allegations against Collins.

term "new allegations" at least six times.

Indeed, defendants are playing a passing game, filing one Order from one court in another and arguing that this Court should consider a state court's Order without providing the reasons why the Order filed was rendered.

The simple fact that the Notice mischaracterizes the nature of the Order attached and tries to raise a new argument in the favor of the Motion to Dismiss Amended Complaint, should be sufficient for the Court to strike Defendants' Notice. *Hodges v. Sch. Bd. Of Orange Cty. Fla.,* No. 6:11-cv-135-ORL-36, 2012 WL 5457427, at *4 n.5 (M.D. Fla. Nov 8, 2012)*, City of Bradenton v. Safety Nat'l Cas. Corp.,* No. 8:17-cv-267-t-33MAP, 2017 WL 255839 at *2 (M.D. Fla. June 6, 2017). See also *Barrron v. Snyder's-Lance Inc.*, No 13-62496-CIV, 2014 WL 2686060, at *1-*2 (S.D. Fla. June 13, 2014), Girard v. Aztec RV Resort, Inc., No.10-62298-CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept.16, 2011).

**Third,** the Order itself is not aimed at a "giveaway" organizer, but merely at a promoter. "Plaintiff did not plead that Ms. Collins actually promoted the giveaway […] she participated in […] there is no connection between my client and this case[2]" stated counsel for Collins during the hearing on MJP. Indeed, even if, in that case, the case was dismissed against the influencer, the second major argument on

---

[2] While the final transcript for the hearing is not yet available, this is the reasonable reading of the draft transcript. The final transcript may show slightly different words used to convey the same idea.

Collins's behalf was that she was not the promoter, nor the organizer of the lottery in which the Plaintiff entered. This is so different from the case at hand and in no way can be considered "identical," or "nearly-identical," especially for the issue of standing.

While most of the background was the same in the Collins case, both complaints describing for the court and the jury what Instagram is and how the "giveaways" work, the Complaint in the Collins litigation raises specific claims against Collins exclusively for promoting lotteries. It is only those claims that were dismissed.

**Fourth**, there is no argument raised in the Motion to Dismiss Amended Complaint stating that Florida law uses the Article III standing doctrine or the injury-in-fact doctrine; so, the Order attached to the Notice cannot supplement an existing argument. This is the first time the Defendants make such a claim, stating that an Order issued by a state court, rendered based on Florida law of standing, can be binding or persuasive on this Court. In fact, the concept of Art 3 standing does not exist in Florida law. See *Pirate's Treasure, Inc. v. City of Dunedin*, 277 So. 3d 1124 (Fla. 2d DCA 2019). As the Defendants are not making any argument of this nature on their Motion to Dismiss Amended Complaint, there is nothing that can be supplemented now. Making an argument for the first time by filing a Notice of Supplemental Authority is improper, and the Notice should be struck. *Barron*, 2014

6

WL 268606, at *1-*2. See also *Tooker v. Scott*, 2016 WL 6440349, at *6 n.7 (M.D. Fla. Oct.28, 2016).

## RULE 3.01(G) CERTIFICATION

Counsel for Plaintiff conferred with Ian Ross counsel for Defendant in a good faith effort to resolve the issues raised by this Motion. The Defendants oppose the motion and believe that it is improper under the Local Rules.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court strike Defendant's Notice of Supplemental Authority in Support of Motion to Dismiss Amended Complaint.

Dated September 5, 2021.

                                                *s/Bogdan Enica*

                                                Bogdan Enica, Esq.
                                                Attorney for the Plaintiffs
                                                66 W Flagler St. Ste.900, Miami FL 33130
                                                Phone: 786-588-4758
                                                E-mail: b.enica@fashion.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of September 2021, I have caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which sends notification of such filing to all counsel of record.

s/Bogdan Enica
Bogdan Enica, Esq.
