# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LIGIA COLCERIU, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

JAMIE BARBARY a/k/a JAMIE ENGELHARDT, ENGELHART & Co., LLC,

    Defendants.
_____/

Case No. 8:20-cv-01425-MSS-AAS

## **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 60 (the "Motion")) proposes to sue seven more defendants—individuals or small business owners like Defendants Jamie Barbary a/k/a Jamie Engelhardt and Engelhardt & Co., LLC ("Defendants" or "Engelhardt")—because Plaintiff played in a free Instagram giveaway that she did not win. (ECF No. 60-1 (the "Proposed Pleading").) The Court already rejected Plaintiff's complaint based on this theory once for lack of standing. (ECF No. 43.) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (also for lack of standing, among other grounds) is pending. ("Pending Motion to Dismiss" (ECF No. 47).) Plaintiff's Motion does not seek leave to address standing arguments—instead, it simply adds seven more defendants to a case where Plaintiff suffered no injury in fact under Article III.

Plaintiff's Motion should be denied under Federal Rule of Civil Procedure 15 because it would be futile.

## **INTRODUCTION**

Engelhardt is a one-person small business that has had to defend itself in this litigation from false and scandalous allegations of "criminal" conduct because Colceriu claims that she clicked "Follow" on 62 Instagram accounts and did not subsequently win a prize. (Am. Compl. at ¶¶ 21, 57-60, 69, 106.) And now, with Motion to Dismiss Plaintiff's first Amended Complaint pending and on the heels of her and her counsel's failure to convince two other Florida courts to allow nearly identical claims to proceed, Plaintiff seeks leave to accuse another seven individuals who "contributed to Plaintiff's decision to participate in the lotteries organized by Defendants," of engaging in criminal conduct. (Motion at 2.) But Plaintiff's eleventh hour Proposed Pleading to name other defendants she has presumably known about since she participated in the alleged illegal lottery is futile because it changes nothing about her fundamentally defective pleadings.

Plaintiff's Proposed Pleading is a transparent effort to restart the clock and delay the inevitable—dismissal with prejudice based on lack of standing or failure to state any plausible cause of action. In fact, it is still predicated on the same theory and set of allegations—she wasted time playing in a free "giveaway" contest in April 2020 in search of an "easy way of getting some money" (Proposed Pleading at ¶ 82) but did not win—that the Court previously found "failed to allege an injury-in-fact, and thus, failed to allege Article III standing necessary to sustain

1

[Plaintiff's] claim." (ECF No. 43 at 6.) And at least two other Florida courts have considered Plaintiff and her counsel's claims based on the same theory and nearly identical allegations. One has already dismissed the claims of this exact Plaintiff for lack of standing under Florida law, and the other has already expressed his doubts to Plaintiff's counsel (representing a different client) that his theory is viable and will proceed past a motion to dismiss hearing set for next month. *See* Exhibit A (*Colceriu v. Influize Ltd., et al.*, Case No. 50-2021-CA-004891, Transcript of Hearing on Motion for Judgment on the Pleadings, at 25:14-26:1213:10-19 (granting judgment on the pleadings while acknowledging the "high standard" that applies on such motions)).

Indeed, in the *Chihaia* state court action filed by Plaintiff's attorney, the state court judge on August 30, 2021 immediately stayed discovery pending a ruling on a motion to dismiss and openly questioned whether this unprecedented theory was anything other than a waste of the court's time and taxpayer money:

> THE COURT: No, I'm staying discovery in its entirety. I'll tell you counsel [also Plaintiff's counsel in this case], I'm a little concerned about this case because looking at the complaint and the motion, I couldn't ascertain how your client's been harmed by the alleged illegal activity in this case. It didn't look like your client has spent any money or lost any money. And I'm concerned about whether they have standing to maintain a case when their only injury appears to be going online and participating in a free giveaway that they did not win.
>
> So you're going to have to explain to me on October 6th [the date of the hearing on the motion to dismiss] why this plaintiff, who apparently is not out a nickel, **has viable claims that should take the time of this Court and the funds of the taxpayers of Miami-Dade County**.

2

(*See* Exhibit B (*Chihaia v. Go Giveaways, LLC, et al.*, Transcript of Hearing on Motion to Stay Discovery, at 3:18-24, 4:18-5:7 (emphasis added).)

For these reasons, and for the reasons Defendants have set forth in their Pending Motion to Dismiss (ECF No. 47), Plaintiff's Motion for leave to add parties to her pleadings should be denied because Plaintiff still fails to allege any purported loss or injury sufficient for Article III standing, and still fails to state any viable cause of action. Seven more defendants should not be burdened with responding to these baseless allegations.

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

### I. PLAINTIFF'S PROPOSED ADDITION OF SEVEN INFLUENCERS TO HER DEFECTIVE CLAIMS WOULD BE FUTILE.

#### A. Legal Standard

Federal Rule of Civil Procedure 15 allows parties to amend a pleading once as a matter of course, and then only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). This requirement is "not a pointless formality." *See George & Co. LLC v. Cardinal Indus., Inc.*, 218CV154FTM38MRM, 2019 WL 7423509, at *1 (M.D. Fla. June 14, 2019). It protects against, among other issues, futile amendments. *Id.* (citing *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quotation marks omitted); *Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n. 10 (11th Cir. 2000).

3

### B. Plaintiff does not allege a concrete injury simply by adding "influencers" to her constitutionally defective pleadings.

Eleventh Circuit courts routinely deny leave to amend pleadings where a proposed pleading does not fix any defects relating to standing. *See Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1262 (11th Cir. 2011) (affirming the denial of leave to amend the complaint as futile when the plaintiff lacked standing); *Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Florida*, 3:20CV5681-MCR-EMT, 2020 WL 5237742, at *7 (N.D. Fla. Sept. 2, 2020) (finding proposed amended would be futile because plaintiff was "without standing to proceed"); *Copperhead Indus., Inc. v. Changer & Dresser, Inc.*, 1:18-CV-01228-ACA, 2019 WL 6918295, at *2 (N.D. Ala. Dec. 19, 2019) (denying leave to amend because proposed complaint "fails to allege facts showing that JEC has standing"); *Ackers v. Brazile*, 1:17-CV-3083-SCJ, 2017 WL 7725244, at *1 (N.D. Ga. Nov. 14, 2017) (finding proposed amendment futile because only "substance" offered in the amendment would not cure standing issue). The Court should join these courts and do the same here.

Here, Plaintiff's factual allegations in the Proposed Pleading remain nearly identical to her prior pleadings. And what's changed is irrelevant to whether she has standing as argued in Defendants' Pending Motion to Dismiss at pages 6 to 13.

In fact, Plaintiff uses this Proposed Pleading to include yet another false, conclusory, and unsupported allegation of fraud against Defendants, alleging that they are "[t]rying to define themselves as legit and genuine" by claiming they are

"donating funds to charity" while "little or [no] money reached the charities." (Proposed Pleading at ¶ 31.) This false allegation has nothing to do with the April 2020 giveaway alleged in the Proposed Pleading, Plaintiff, or the new defendants, yet it made its way into the Proposed Pleading Plaintiff claims she wishes to file because she learned "[d]uring discovery … that some influencers are proper defendants." (Motion at 2.)

Plaintiff has otherwise merely tried to dress up prior vague and generic representations of a general group of "influencers" by handpicking select "influencers," whose reputations are just now worth smearing to restart the clock on the inevitable dismissal of her pleadings. For instance, she now identifies five of the named defendants as some of the influencers who "promoted at least one giveaway in which the named Plaintiff participated." (Proposed Pleading at ¶¶ 65, 79.) She also now identifies "Defendant Iaconetti and Dahl" as profiles she reviewed "in order to decide to enter the giveaway" while still alleging, as she did previously, that she reviewed the profiles of the proposed defendants' and other influencers named earlier in her pleadings. (*Compare* Am. Compl. at ¶¶ 47-48 (identifying 13 influencers "and many more" as profiles she "researched … to decide and participate in the giveaway") to Proposed Pleading at ¶¶ 62-63 (identifying 17 influencers "and many more" as profiles she "researched … to decide and participate in the giveaway").). And the "representations" of the influencers remain the same—the "influencers" allegedly induced her to participate in the "giveaways" by calling them "an easy way of getting some money"

5

and that it "takes 30 seconds to enter." (*Compare* Proposed Pleading at ¶ 82 to Am. Compl. at ¶ 63.)

Most important is what has stayed the same. Plaintiff's Proposed Pleading still compares Engelhardt's free Instagram giveaway to a "bank heist" because Plaintiff voluntarily signed on to a public platform and voluntarily participated in a free giveaway that she did not win. (Proposed Pleading at ¶¶ 78, 82-83, 93.) And she still alleges little more than "a mere waste of time, voluntarily expended" the Court specifically cautioned may not "suffice to establish injury-in-fact" under Eleventh Circuit law. (ECF No 43. at 5). Namely, she still alleges "[i]t took much longer than 30 seconds" to voluntarily enter the giveaway. (Am Compl. at ¶ 64; Proposed Pleading at ¶ 83.)

Other than this loss of time, Plaintiff does not plead any purported loss or injury that she claims was caused by Defendants. In fact, she has not changed her other conclusory and impertinent allegations that she began receiving "unsolicited updates and advertising" on her Instagram feed from accounts that she was voluntarily following. (*Compare* Am. Compl. at ¶¶ 65-67 to Proposed Pleading at ¶¶ 84-86.) To be sure, she still does not allege that **Defendants** sent her any unwanted update or advertising, and she still does not allege any plausible allegation that **Defendants** (rather than the other accounts she continued to voluntarily follow) were the cause of her receipt of any unwanted update or advertising. Thus, the only purported harm Plaintiff is still alleging is lost time (some nonspecific amount of time "more" than 30 seconds) and the receipt of

6

unsolicited updates from Instagram accounts she was voluntarily following when she voluntarily signed in to an Instagram platform that she voluntarily joined.

Thus, for these reasons and the specific arguments raised on pages 7 to 13 of the Pending Motion to Dismiss, Plaintiff's Proposed Pleading would be futile because the addition of seven influencers to her pleadings while still alleging the same purported injury does not change the result—Plaintiff does not have standing under Eleventh Circuit law.

### C. Plaintiff's Proposed Pleading is subject to dismissal because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Eleventh Circuit courts routinely deny leave to amend pleadings where a proposed pleading still does not plausibly support any legally recognized cause of action. *See, e.g.*, *Ladies Mem'l Ass'n, Inc.*, 2020 WL 5237742, at *8 (finding proposed amendment would be futile because it did not "state a claim for relief that is plausible on its face"); *Bancard Services, Inc. v. Cingular Wireless*, 05-60958-CIV, 2006 WL 8431533, at *2 (S.D. Fla. Apr. 6, 2006) (denying leave to amend claims premised on a statute that does not provide a private cause of action). The Court should join these courts and do the same here.

Here, Plaintiff's allegations in the Proposed Pleading are consistent with her prior pleadings in that she makes no effort to correct obvious and fatal pleading deficiencies and none of the general factual allegations relating to Defendants alters the analysis under Federal Rule of Civil Procedure 12(b)(6).

With respect to Count I for "Operation of Illegal Florida Lotteries with Prizes

in Excess of $5,000," Plaintiff's new allegations are that "[t]he Plaintiffs are pleading this count against all the Defendants" (Proposed Pleading at ¶ 114) and that the "influencers" are also promoting lotteries in violation of a criminal statute. (*Id.* at ¶ 116.) Thus, these pleadings remain defective and subject to dismissal for the reasons provided in the Pending Motion to Dismiss at 14.

The allegations of Count II of the Proposed Pleading for "Operation of Illegal Florida Lotteries" are identical to the Amended Complaint and, thus, is subject to dismissal for the same reasons argued in the Pending Motion to Dismiss at 14-18.

Count III for "Unjust Enrichment" now notes the claim is against "all the Defendants" (Proposed Pleading at ¶ 125). Both Engelhardt and the proposed defendants are left to guess which allegations and theory of unjust enrichment applies to them.  In any event, however, Plaintiff still fails to state a cause of action against Engelhardt for the reasons argued in the Pending Motion to Dismiss at 18-19.  Namely, Engelhardt is still not alleged to have received a direct benefit from Plaintiff because Engelhardt was alleged to have been paid by "influencers."

Count IV for "Negligent Misrepresentation" also remains defective despite the addition of seven influencers to the pleadings. (Proposed Pleading at ¶ 130.) Despite adding new defendants, and as noted above, the Plaintiff's alleged "misrepresentations" remain the same as in the Amended Complaint. (*Compare* Proposed Pleading at ¶ 82 to Am. Compl. at ¶ 63.) Thus, Plaintiff's negligent misrepresentation still fails for the same reasons argued in the Pending Motion to Dismiss at 19.

8

And Plaintiff's Proposed Pleading adds only that she is pleading Count V for "Violations of Florida's Deceptive and Unfair Trade Practices Act" ("FDUTPA") against "all the Defendants." (Proposed Pleading at ¶ 135.) As with the other causes of action, Plaintiff's addition of seven influencers to the Proposed Pleading adds absolutely nothing to correct the glaring deficiencies in her FDUTPA claim and, thus, the Proposed Pleading would be futile for the same reasons argued in pages 19-22 of the Pending Motion to Dismiss.

Finally, Plaintiff's Proposed Pleading does not, in any way, even try to address her failure to plead any claims on any basis against Ms. Engelhardt for personal or vicarious liability. Thus, Plaintiff's Proposed Pleading would be futile for the reasons argued in the Pending Motion to Dismiss at pages 23 to 25.

To be sure, another Florida court considered Plaintiff's claims based on the same theory and nearly identical allegations and granted judgment on the pleadings, concluding Plaintiff did not state any cause of action based on the purported harm she suffered for playing in a free giveaway. *See* Exhibit A at 25:14-26:12 13:10-19 (acknowledging the "high standard" that applies on such motions)). The Court should come to the same conclusion here.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff leave to file the Proposed Pleading because it is futile, award Defendants their costs, and grant such other relief as may be deemed just and proper.

9

Dated: September 11, 2021   Respectfully submitted,

             **STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
             Two South Biscayne Boulevard, Suite 1600
             Miami, FL 33131
             Telephone: (305) 614-1400
             Facsimile: (305)614-1425

             */s/ Ian M. Ross*
             IAN M. ROSS
             Florida Bar No. 091214
             iross@sfslaw.com
             JORGE A. PEREZ SANTIAGO
             Florida Bar No. 91915
             jperezsantiago@sfslaw.com
             electronicservice@sfslaw.com

             *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of September, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing a copy of the foregoing document to be served on all counsel of record via Notice of Electronic Filing.

/s/ Ian M. Ross
IAN M. ROSS

**SERVICE LIST**
*Colceriu v. Barbary, et al.*
**Case No. 8:20-cv-01425-MSS-AAS**
**United States District Court, Middle District of Florida**

**Bogdan Enica**
Bogdan Enica, Esq.
66 W. Flagler Street, Suite 900
Miami, FL 33130
786-588-4758
Email: b.enica@fashion.law

*Counsel for Plaintiff*

11