IN THE UNITED STATE DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

LIGIA COLCERIU, and those similarly situated,

    *Plaintiff*,

v.

JAMIE BARBARY a/k/a JAMIE ENGELHARDT, ENGELHARDT &CO. LLC.,

    *Defendants*.

_____/

CASE No. 20-CV-01425-MSS-AAS

## DEFENDANTS' MOTION TO TEMPORARILY STAY PROPOSED NON-PARTY DISCOVERY TO THREE CHARITABLE INSTITUTIONS

    Last week, the Court entered an Order stating that "[a]ll remaining deadlines in the Case Management and Scheduling Order, including the trial term and all pretrial filing deadlines, are STAYED pending resolution of Defendants' Motion to Dismiss." (Dkt. 64.) This case has already been dismissed once for lack of standing. (Dkt. 43.) A nearly-identical case, filed by the same plaintiff and attorney, was dismissed for lack of standing in Florida state court last month. (Dkt. 53, 58.) A third nearly-identical case filed by the same attorney has been stayed pending a hearing in a motion to dismiss, and the judge has made clear that he believes there may not be standing in that case either. (Dkt. 59-2.)

    Notwithstanding the Court's Order last week—and the fact that it made clear that it would reset any outstanding deadlines to allow the parties to complete discovery if the case resumes (Dkt. 64), Plaintiff now proposes to subpoena three charitable institutions seeking documents evidencing donations received from

1

Defendants. (*See* **Exhibit A** (proposed subpoenas).) There is no proper purpose for these subpoenas—they seek plainly irrelevant information that could just as easily be requested from Defendants at a time when the Court has stayed all pretrial deadlines. This is part and parcel, though, of a multi-case strategy that has attacked and harassed small business owners in at least three Florida cases based on the same theory that losing a free online giveaway allows you to file a putative class action.

Defendants are reluctant to request further relief from the Court but there is no reason for more innocent parties (this time, charitable institutions) to be burdened by Plaintiff in these cases. Defendants requested that Plaintiff simply wait to serve these subpoenas; instead, Plaintiff's counsel said he would wait forty-eight hours for Defendants to seek the relief sought here. Accordingly, Defendants respectfully request an order temporarily staying Plaintiff's proposed subpoenas to the three charities pending resolution of the Defendants' Motion to Dismiss.

## MEMORANDUM OF LAW

**A.   LEGAL STANDARD**

A stay of discovery should be granted "where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (citation and quotation omitted); *see also Zamber v. Am. Airlines, Inc.*, No. 16-cv-23901, 2017 WL 5202748, at *3 (S.D. Fla. Feb. 17, 2017) (granting temporary stay of discovery). "Federal district courts have wide discretion to limit the scope of discovery or

2

control its timing to protect a party from annoyance, oppression, or undue burden or expense." *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) (citing Fed. R. Civ. P. 26(c)). Courts have similar latitude under Federal Rule of Civil Procedure 45 to safeguard non-parties from undue, and unnecessary, burdens on non-parties. *See* Fed. R. Civ. P. 45(d)(1) (requiring party to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

### B. THERE IS GOOD CAUSE FOR A STAY AND PLAINTIFF WILL NOT BE PREJUDICED

There is good cause for a stay of discovery. First, there is no prejudice to Plaintiff if non-party discovery is stayed until the Court rules on the pending Motion to Dismiss. The Motion to Dismiss, and other pending motions, have been fully briefed without the benefit of Plaintiff's proposed non-party discovery regarding donations to charity. And all court deadlines, including the February 28, 2022 discovery deadline, have been stayed. (*See* Dkt. 64.) There is simply no basis to burden any non-parties, let alone charities, with discovery requests while all deadlines are stayed.

Second, this proposed discovery is plainly irrelevant to the lawsuit. Plaintiff is claiming that she played but did not win an Instagram giveaway in April 2020. The giveaway had nothing to do with the charities Plaintiff targets now. Plaintiff has targeted these charities because Defendants gave Plaintiff extensive confidential financial information as part of an effort to settle this case. Instead,

3

Plaintiff has sought to file that information (Dkt. 56) and tried to prevent it from being sealed, and now is seeking to target companies that were identified in that financial information at a time when all deadlines are stayed. And Plaintiff has not even sought this information from Defendants, which she should have done if she believed it was relevant (which it is not).[1]

Third, this discovery will be entirely unnecessary if this case is dismissed with prejudice. The Court has already once concluded that Plaintiff's alleged injury—not winning a free "giveaway" contest—is not an injury-in-fact sufficient to establish Article III standing necessary to sustain Plaintiff's claims. (Dkt. 43.) And two other Florida courts have considered, and rejected, Plaintiff and her counsel's claims based on the same theory and nearly identical allegations. (Dkt. 59, 59-.2)

## CONCLUSION

Defendants respectfully request that the Court enters an Order staying Plaintiff's discovery targeting the charitable institutions in her subpoenas.

## Local Rule 3.01(g) Certification

I hereby certify that Plaintiff confirmed via e-mail on Tuesday, September 28, 2021 that she opposes Defendants' requested relief.

---

[1] *See, e.g., Glass Egg Digital Media v. Gameloft, Inc.*, 2020 WL 906714, at *6 (N.D. Cal. Feb. 25, 2020) (granting party's motion to quash subpoenas served on non-party because plaintiff did not first challenge party's objections to discovery requests); *INGfertility, LLC v. Wisconsin Pharmacal Co., LLC*, 2009 WL 10674407, at *2 (E.D. Wash. Feb. 10, 2009) (entering protective order because documents could have been obtained from opposing party without "subjecting sundry third-parties to subpoenas"); *Data Capture Sols.- Repair & Remarketing, Inc. v. Symbol Techs., Inc.*, 2008 WL 45383, at *1 (D. Conn. Jan. 2, 2008) (entering protective order because issuing party had not demonstrated information "could only be obtained through non-party discovery").

|  |  |
|---|---|
| Dated: September 30, 2021 | Respectfully Submitted,<br>**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**<br>Two South Biscayne Boulevard, Suite 1600<br>Miami, FL 33131<br>Telephone: (305) 614-1400<br>Facsimile: (305) 614-1425<br><br>By: /s/ *Ian M. Ross*<br>IAN M. ROSS<br>Florida Bar No. 091214<br>iross@sfslaw.com<br>JORGE A. PEREZ SANTIAGO<br>Florida Bar No. 91915<br>jperezsantiago@sfslaw.com<br>electronicservice@sfslaw.com<br><br>*Counsel for Jamie Barbary a/k/a Jamie Engelhardt and Engelhardt & Co. LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2021, that the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, causing a true and correct copy to be served on counsel of record identified below via a Notice of Electronic Filing.

/s/ *Ian M. Ross*
IAN M. ROSS

**SERVICE LIST**
***Colceriu v. Barbary, et al.***
**Case No. 8:20-cv-01425-MSS-AAS**
**United States District Court, Middle District of Florida**

**Practus, LLP**
Bogdan Enica, Esq.
66 W. Flagler Street, Suite 937
Miami, FL 33130
Telephone: 305.539.9206
Email: Bogdan.enica@practus.com

*Counsel for Plaintiff*

5