UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGIA COLCERIU, and those
similarly situated,

Plaintiffs,                                   CASE NO: 8:20-cv-1425-T-35AAS

v.

JAMIE BARBARY and
ENGELHARDT & CO. LLC,
Defendants.

---

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
TEMPORARILY STAY DISCOVERY**

---

Plaintiff, LIGIA COLCERIU, by and through her undersigned counsel hereby files her Response in Opposition to Defendants' Motion to Temporarily Stay Proposed Nonparty Discovery to Three Charitable Institutions [ECF #66] ("Motion"), in support thereof, states as follows:

## PRELIMINARY MATTERS

The Defendants are, once again, willing to do anything and everything in their power to protect their lies. The Motion is not an altruistic attempt to protect "burdened non-parties, let alone charities." It is another attempt by the Defendants to stop the discovery that will reveal their lies at any cost. And, through motion after motion, the Defendants are showing that running illegal lotteries is profitable, especially when engaging in expensive and unnecessary motion practice.

1

While telling this Court that the Defendants "did not lie" and availing themselves of the extraordinary remedy of a Rule 11 Motion [*see* ECF #49], the Defendants' lawyers are doing their best to suppress any information that would shed light into their clients' misrepresentations. They ask the Court to make sure that we all turn a blind eye to the truth, and the discovery underlying the same, while taking their statements at face value.

In fact, despite their failed Motion to Stay Discovery [ECF #28], the Defendants are trying over and over again to delay this case, stay the discovery, and put the Plaintiff in a situation in which she is unable to prove her case due to undisclosed information and documents.

Yet again, in their short motion, the Defendants don't waste the chance of misrepresenting two other actions filed in State Court, one of which is filed by the same Plaintiff. The decision dismissing the case in Palm Beach, now under appeal, dealt with a complaint similar to the ***initial Complaint*** in this case, and did not contain the additional allegations in the First Amended Complaint. Also, the Order cited concerned one influencer, who, according to her counsel, did not advertise or promote the lottery in which the Plaintiff participated.

Stating that "[a] nearly-identical case, filed by the same plaintiff and attorney, ***was dismissed*** for lack of standing in Florida state court last month." is a blatant misrepresentation on this Court. The case is alive and well and a hearing on the Motion to Dismiss was just scheduled for December 1, 2021.

Nevertheless, the decisions in those cases are not binding on this Court, as those cases are based on a different set of facts and laws. In the first case,  the Order of dismissal is currently under appeal and in the second case filed in Miami-Dade, where a different plaintiff presented a different set of allegations, invoking a different set of laws, a hearing on the Motion to Dismiss is yet to take place.

The Defendants are not afraid that the third-party charities will be burdened in confirming the allegations in the Complaint. The Defendants are afraid that the discovery will show, once again, that they lied in their statements about giveaways. The Defendants are afraid that the depth of their deceit will be revealed and that the evidence will show, once more, that they are misrepresenting the facts in front of this Court, and that they filed a frivolous Rule 11 Motion knowing very well that the allegations in that motion are false.

In their Motion, the Defendants state that: "Plaintiff has targeted these charities because Defendants gave Plaintiff extensive confidential financial information as part of an effort to settle this case." This is simply **not true**. The Defendant stated publicly in her Instagram posts that she is donating money to charities. Those public statements are false and the discovery directed to those charities will reveal those lies. The Motion also states that the Plaintiff "is seeking to target companies that were identified in that financial information." (Motion pg.4). This is also untrue. No names or documents related to the alleged charitable whatsoever were disclosed as part of the financial information (see ECF #52 for a copy of the only financial information disclosed). The names of the targeted charities were found exclusively by looking at the public posts

3

advertising the giveaways.

This discovery **is not** premised on the information (scarce we might say) that was disclosed so far by the Defendants. This discovery **is about** the information that they are hiding, unwilling to disclose, and unwilling to allow access to. No relevant documents were ever produced only "as an effort to settle the case," or under the protection of Rule 408.

The Motion makes arguments for both an "order temporarily staying Plaintiff's proposed subpoenas" (Motion pg.2) and for modifying or quashing the subpoenas because the "proposed discovery is plainly irrelevant to the lawsuit." (Motion pg.3). The Plaintiff will address both arguments in turn.

## MEMORANDUM OF LAW

The Defendants cite only three court-level cases in support of their motion, the same cases they cited in their previous Motion to Stay Discovery (Compare ECF #28 pgs.3,4 to ECF #66 pgs.2,3). These arguments were already in front of the Court and a decision was rendered based on those arguments. The law-of-the-case doctrine bars relitigating of issues that were decided either explicitly or by necessary implication. *This That And The Other Gift And Tobacco, Inc. v. Cobb County, Ga.,* 439 F.3d 1275 (11th Cir. 2006). The Defendants' Motion is nothing else than an attempt at relitigating their previous Motion. They do not point in their Motion to any legal authority for relitigating their previously denied Motion to Stay.

Under Fed. R. Civ. P. 45(c)(3)(A)(i)-(iii), "a court may quash or modify a

4

subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Ubiquiti Networks, Inc. v. Kozumi USA Corp.,* 295 F.R.D. 517, 521–22 (N.D. Fla.), *objections overruled,* 981 F. Supp. 2d 1207 (N.D. Fla. 2013) citing *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 817 (5th Cir. 2004).

By narrowing the subject matter to the subpoenas to only the relevant information and crafting the requests to avoid imposing unnecessary obligations on the witnesses, the Plaintiff took the reasonable steps to avoid inconveniencing the entities subject to the subpoena or exposing them to undue burden or expense. The Plaintiff allowed the subpoenaed parties at least 30 days to comply and provided an address for the submission of documents within 100 miles from their place of business.

In their Motion, the Defendants contend that the information requested is irrelevant. Information does not become irrelevant simply because a party considers the information irrelevant, To the contrary, the Defendants have failed to produce any document as part of their discovery responses, or conveniently deleted the information prior to responding to the Plaintiff's request for production that was in any way related to these requests.

The information sought is absolutely relevant to this case. To the extent that money was actually given to charities, the amounts can be used to accurately calculate the Plaintiff's profit in the context of the Unjust Enrichment claim. On the other hand, as is more likely, it is found that no money or a very limited amount of money was

given to charities the information can also be used to substantiate the Plaintiff's claim that the Defendants "lied" in the context of organizing the giveaways and that they advised the influencers to lie. The actual relevancy and value of such information is what has prompted the Defendants to engage in this unnecessary motion practice.

In fact, the Defendants stated that "Engelhardt may have **underreported** its 2020 charitable contributions." [ECF #55 pg.3], thus making it imperative to know the accurate amount given in charitable contributions.

The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "**construed broadly** to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) citing *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (emphasis added).

Among the factors the courts have considered in determining whether a subpoena should be modified or quashed because it presents an undue burden are (a) the relevance of the information requested, (b) the requesting party's need for the documents, (c) the breadth of the document request, (d) the time period covered by the request and (e) the burden imposed, including the expense and inconvenience to a nonparty to whom a request is made. *Se. Mech. Servs., Inc. v. Brody*, No.

CIV.A.1:09CV0086GETS, 2009 WL 3095642, at *3 (N.D. Ga. June 22, 2009), *report and recommendation adopted as modified*, No. CIV.A.1:09CV0086GET, 2009 WL 3095196 (N.D. Ga. Sept. 24, 2009) citing *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004).

Analyzing the factors above, this Court can easily conclude that the Subpoenas should not be modified or quashed. As discussed above, the information is relevant, the request only covers two years and a search for documents can be performed in minutes using the technology existent today. Given the fact that the Defendants are technologically savvy, it is reasonable to assume that all the correspondence with the witnesses took place electronically via email or social media. Both emails and social media are easily searchable and responsive documents could be found in minutes, if not seconds, with just a few clicks. The Defendants have repeatedly represented to this Court that time wasted by "clicking [...] a bunch of times," is not a compensable damage and not a burden [ECF #47 pg.21]. Yet, now they have changed their tune and claim that performing a search that would most likely not return any result is an unnecessary "burden" on the witnesses. [ECF #66, pgs.2,3]

As for the timing, November and December are the most profitable months for charitable giving, therefore the busiest months of the year for charities[1]. Therefore, allowing the three charities the entire month of October for printing out the few

---

[1] See, GoFundMe Charity. 2021. *The Ultimate Giving Season Guide for Your Nonprofit - GoFundMe Charity.*] Available at: https://charity.gofundme.com/c/guides/giving-season (last accessed 4 October 2021).

responsive emails, at most, is more than reasonable.

## CONCLUSION

For the foregoing reasons, the Plaintiff requests that the Court deny the Defendant's Motion in its entirety, does not grant a stay of discovery, and allows for service of the unmodified Subpoenas.

Dated: October 4, 2021

Respectfully Submitted,
*Attorney for the Plaintiffs,*
_____/s/ Bogdan Enica
Bogdan Enica, Esq.
FL. Bar No.0101934
Practus, LLP
66 W Flagler St. Ste.937
Miami FL 33130
Phone: 305-539-9206
E-mail: bogdan.enica@practus.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of October 2021, I have caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which sends notification of such filing to all counsel of record.

s/*Bogdan Enica*
Bogdan Enica, Esq.