# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LIGIA COLCERIU, on behalf of herself and all others similarly situated,

    Plaintiff,

  v.

JAMIE BARBARY a/k/a JAMIE ENGELHARDT, ENGELHART & Co., LLC,

    Defendants.

_____/

Case No. 8:20-cv-01425-MSS-AAS

## DEFENDANTS' MOTION TO TAX DEPOSITION EXPENSES UNDER RULE 54 AND 28 U.S.C. § 1920.

"[B]ased on Plaintiff's continued failure to establish Article III standing," the Court dismissed Plaintiff Ligia Colceriu's claims that Defendants Engelhardt & Co., LLC ("Engelhardt") and Jamie Barbary ("Ms. Engelhardt") organized illegal lotteries because Plaintiff Ligia Colceriu claimed that she voluntarily wasted her time by playing in a free Instagram giveaway and did not subsequently win a prize. (Am. Compl. at ¶¶ 21, 57-60, 69, 106.). The Court further denied her leave to amend and retained jurisdiction "solely for the purpose of ruling on Defendants' Motion for Rule 11 Sanctions." (*See* November 29, 2021 Order (Dkt. 69).) As a result, Defendants are the prevailing parties in this action and respectfully request entry of an Order taxing their litigation expenses, the fees for deposition

transcripts itemized in the Bill of Costs (attached as **Exhibit 1**), under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## INTRODUCTION

Plaintiff has filed in this action two versions of her putative class action, claiming that she voluntarily played in a "giveaway" contest in April 2020 on Instagram in search of "easy way[s] of getting money" (Am. Compl. at ¶ 63) but did not win. (*See* ECF Nos. 1, 44.)  Defendants moved to dismiss both pleadings arguing that Plaintiff failed to allege a concrete injury to establish Article III standing on any of her claims.  (*See* Dkt. 24 at 6-9; Dkt. 47 at 6-13.)

The Court twice agreed.  First, the Court dismissed this action with leave to amend, holding that Plaintiff "failed to allege an injury-in-fact, and thus, failed to allege Article III standing necessary to sustain her claim." (Dkt. 43 at 6.).  The Court specifically cautioned Plaintiff that mere waste of time, particularly voluntary waste of time, was insufficient to establish constitutional standing on any of her claims.  (*Id*.).

Then the Court found that Plaintiff again failed to plead an injury sufficient for constitutional standing in her Amended Complaint.  (Dkt. 69 at 2.)  The Court held that "[n]one of Plaintiff's time spent deciding whether to enter a lottery and none of her time voluntarily clicking on an influencer's page to 'follow' him or her constitutes cognizable injury."  (*Id.* at 3.)  And the Court further found that "none of [the alleged perpetrator's] earnings caused injury to the Plaintiff" and that "[s]he paid nothing" and "was promised nothing" in exchange for entering the lottery.

(*Id*. at 4.) Thus, the Court dismissed Plaintiff's claims without leave to amend (and denied Plaintiff's Motion for Leave to File Second Amended Complaint) "based on Plaintiff's continued failure to establish Article III standing."

Clearly, then, Defendants are the prevailing party on Plaintiff's claims, and respectfully request an Order taxing their fees for deposition transcription under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. .

## **MEMORANDUM OF LAW AND LEGAL ARGUMENT**

Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *See Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020) (noting "strong presumption that the prevailing party will be awarded costs"); *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017) (same); *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (prevailing party "is presumptively entitled to recover all of its costs"); *see also Choi v. City of New York*, No. 10-CV-6617, 2013 WL 1387021, at *2 (S.D.N.Y. Apr. 5, 2013) (noting that an award of costs "against the losing party is the normal rule obtaining in civil litigation") (internal quotation marks omitted). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008); *see also* Fed. R. Civ. P. 54(d)(1) (providing the clerk of court with the initial responsibility for taxing costs). Indeed, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The items that may be included in a cost award pursuant to Rule 54 are defined by statute, specifically 28 U.S.C. § 1920. Section 1920 lists six categories of recoverable costs, only one of which is relevant here: "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also* Exhibit 1. Court also regularly tax deposition transcription costs to the losing party where the deposition materially advanced the development of the litigation or the deposition seemed necessary at the time it was taken. *See, e.g.*, *Sea Coast Foods, Incorp. v. Lu-Mar Lobster & Shrimp, Incorp.*, 260 F.3d 1054, 1061 (9th Cir. 2001); *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) ("[A]s long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs").

Here, Plaintiff took Ms. Engelhardt's deposition to establish evidence concerning Defendants' financial performance, including remuneration relating to Engelhardt's giveaways on Instagram. Defendants ordered a copy of Ms. Engelhardt's deposition testimony because they reasonably expected Plaintiff to use her testimony in the course of litigation. And she did, citing it in her opposition to Defendants' Motion for Rule 11 Sanctions wherein Defendants argued that Plaintiff knowingly filed her pleadings containing materially false and frivolous allegations, including that Defendants made hundreds of thousands or millions of dollars in giveaways. (Dkt. 49 (citing Am. Compl. at ¶¶ 26, 80-82, 102-03); Dkt. 52 at 9-12 (citing Ms. Engelhardt's deposition testimony).) Thus, Defendants'

costs for transcription of Ms. Engelhardt's deposition testimony should be taxed against Plaintiff.

Defendants anticipate that Plaintiff will argue her claimed indigence as a basis to avoid paying Defendants' costs after she haled Defendants into federal court. If the Court chooses to consider Plaintiff's financial status (it is not required to), "it should require substantial documentation of a true inability to pay." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Indeed, Plaintiff filed a motion to proceed *in forma pauperis* in this matter, but is not proceeding *in forma pauperis* in her nearly identical state court proceeding against third parties in which she has pursued foreign service and paid filing fees to pursue an appeal of a final judgment on the pleadings. Moreover, Defendants believe Plaintiff may operate a successful local business, Scorpion Coatings (purported to have been in operation since 1996), together with her husband. (*See* Exhibit 2; *see also* https://www.scorpiontampabay.com/; https://www.facebook.com/scorpiontampabay/; and https://www.instagram.com/scorpiontampabay/.) Thus, Defendants do not believe Plaintiff can demonstrate a "true inability to pay."

Accordingly, Defendants believe their deposition transcription fees should be taxed against Plaintiff.

*Defendants' Motion to Tax Costs*
Case No. 8:20-cv-01425-MSS-AAS

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order taxing Defendants' costs—itemized in the attached verified Bill of Costs (*see* Exhibit 1)—against Plaintiff.

## **Local Rule 3.01(g) Certification**

I hereby certify that Plaintiff confirmed via e-mail on Friday, December 10, 2021 that she opposes Defendants' requested relief.

Dated: December 13, 2021        Respectfully submitted,

**STUMPHAUZER FOSLID SLOMAN ROSS & KOLAYA, PLLC**
Two South Biscayne Boulevard, Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305)614-1425

*/s/ Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
JORGE A. PEREZ SANTIAGO
Florida Bar No. 91915
jperezsantiago@sfslaw.com
electronicservice@sfslaw.com

*Counsel for Defendants*

5

*Defendants' Motion to Tax Costs*
Case No. 8:20-cv-01425-MSS-AAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing a copy of the foregoing document to be served on all counsel of record via Notice of Electronic Filing.

                                  */s/ Ian M. Ross*
                                  IAN M. ROSS

## SERVICE LIST
*Colceriu v. Barbary, et al.*
**Case No. 8:20-cv-01425-MSS-AAS**
**United States District Court, Middle District of Florida**

**Practus, LLP**
Bogdan Enica, Esq.
Florida Bar No. 0101934
66 W Flagler St. Ste. 937
Miami, FL 33130
Telephone: (305) 539-9206
E-mail: Bogdan.enica@practus.com

*Counsel for Plaintiff*

6