UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIGIA COLCERIU,

    Plaintiff,

v.                                              Case No: 8:20-cv-1425-MSS-AAS

JAMIE BARBARY and
ENGELHARDT & CO. LLC,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants Engelhardt & Co., LLC and Jamie Barbary's Motion for Rule 11 Sanctions, (Dkt. 49), Motion to Tax Deposition Expenses, (Dkt. 70), Motion to Determine Entitlement to Attorney's Fees and Costs, (Dkt. 71), and Plaintiff's responses in opposition thereto. (Dkts. 52 and 76) On June 8, 2022, United States Magistrate Judge Amanda Arnold Sansone issued a Report and Recommendation, which recommended that Defendants' Motion to Tax Deposition Expenses be **GRANTED** and Defendants' Motion to Determine Entitlement to Attorney's Fees and Costs be **DENIED**. (Dkt. 78) Defendants filed a timely objection to Judge Sansone's Report and Recommendation. (Dkt. 79) Thereafter, Plaintiff filed a timely response. (Dkt. 82)

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete

review of the findings and recommendations. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. v. State Bd. of Educ.</u>, 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. Southern Ry.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

Defendants raise three objections to Judge Sansone's Report and Recommendation. (Dkt. 79) Defendants argue that this Court should not adopt Judge Sansone's Report and Recommendation because her Report and Recommendation: (i) "relies exclusively on Florida district court cases involving dismissal of state law claims for lack of diversity or a court's choice not to exercise supplemental jurisdiction;" (ii) overlooks binding precedent in <u>Hyde v. Irish</u>, 962 F.3d 1306, 1309 (11th Cir. 2020); and (iii) applies an incorrect and outdated standard with respect to a prevailing party's entitlement to attorneys' fees. (Id. at 5-13) Plaintiff's response argues

2

that the legal authority, upon which the Defendants rely, is inapposite or irrelevant. (Dkt. 82)

On review, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved. The Court is unpersuaded by the Defendants' case illustrations and instead the Court finds that the Magistrate Judge correctly determined that the Defendants are not entitled to Attorneys' fees under Florida's RICO statute or the FDUPTA. The Court also finds that Defendants are not entitled to Attorneys' fees because they do not meet the definition of prevailing party, as recently clarified by the Eleventh Circuit in Royal Palm Props., LLC v. Pink Palm Props., LLC, No. 21-10872, --- F.4th --- 2022 WL 2517159, at *3 (11th Cir. July 7, 2022). As such, Defendants' first and third objections are **OVERRULED**.

To the extent that Defendants seek Rule 11 sanctions, the Court finds that Defendants failed to meet their burden of establishing Plaintiff's objective bad faith. Hyde, 962 F.3d at 1310. Defendants argue that Plaintiff should be sanctioned pursuant to FRCP Rule 11 for three reasons. First, Defendants argue that Rule 11 sanctions are warranted because "Plaintiff filed [] false allegations without investigating them adequately, and then knowingly proceeded with a lawsuit where the fundamental premises behind her case are false." (Dkt. 49 at 6) Second, Defendants argue that Rule 11 sanctions are warranted because Plaintiff "fil[ed] and pursu[ed] frivolous claims for which she does not have Article III standing." (Id. at 7) Third, Defendants argue that Rule 11 sanctions are warranted because Plaintiff continued to pursue this lawsuit "even after she was put on notice" that her claims were deficient. (Id. at 10) Plaintiff's

response argues against the imposition of Rule 11 sanctions because Plaintiff contends that "the allegations of the Complaint are reasonable and the legal theories are sound." (Dkt. 52 at 13) Plaintiff further argues that Defendants purport to use their sanctions motion as a vehicle to obtain an improper dismissal of this case and to harass the Plaintiff. (Id. at 14-15)

When a district court is tasked with deciding whether to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, the Eleventh Circuit requires that the lower court conduct a two-step review. Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995) First, the court must determine "whether the party's claims are objectively frivolous–in view of the facts or law." Id. Second, if the claims are deemed frivolous, the court must determine "whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Id. (citation omitted). Reasonableness of the inquiry will depend on a number of factors as outlined in the Advisory Committee Note to Rule 11. See Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).

In the present case, Plaintiff's First Amended Complaint was dismissed without prejudice because of Plaintiff's "continued failure to establish Article III standing." (Dkt. 69) Plaintiff's original complaint purported to establish Article III standing by alleging that she followed 62 social media accounts and was not ever contacted back about the results of any scheduled Instagram lottery and did not receive a prize. (Dkt. 1 at ¶ ¶ 54-57) The Court found these allegations to be insufficient to establish an

4

injury-in-fact. (Dkt. 43) Plaintiff's First Amended Complaint purported to establish Article III standing by articulating that Plaintiff: (i) researched Defendants' social media operation and some affiliated influencers; (ii) followed 62 unrelated social media accounts; (iii) subjected herself to pornographic and quasi-pornographic content posted by some of the unrelated users for the duration of the lottery; (iv) investigated lottery winners to no avail; and (v) wasted her time unfollowing the unrelated accounts after her unsuccessful participation in the lottery. (Dkt. 44 at ¶¶ 64-67, 70, and 82) In between the filing of both complaints, Defendants mailed Plaintiff two similar letters which offered Plaintiff the option either to dismiss this action with prejudice or amend her filing. (Dkt. 49-1 at 14-18)

Given the substantive changes between the two complaints and the novel and complex nature of social media, this Court finds that Plaintiff's maintenance of the suit was not objectively frivolous. See Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (refusing to conclude that only an unreasonable lawyer would have made the RICO claims because "scant on-point authority [existed] to guide the [] lawyer"); Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990) (holding that "creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment.") Therefore, the Court, having determined step one in the negative, does not reach step two of the Rule 11 sanctions inquiry. Benavides v. Miami Atlanta Airfreight, Inc., 612 F. Supp. 2d 1236, 1239 (S.D. Fla. 2008) (ending the Rule 11 sanctions inquiry after determining that the claims were objectively frivolous). As such, Defendants' second objection is **OVERRULED**.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 78), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Defendants' Motion for Rule 11 Sanctions, (Dkt. 49), is **DENIED**.

3. Defendants' Motion to Tax Deposition Expenses, (Dkt. 70), is **GRANTED** in the amount of $232.50 payable by the Plaintiff to the Defendants.

4. Defendants' Motion to Determine Entitlement to Attorney's Fees and Costs, (Dkt. 71), is **DENIED**.

5. The CLERK is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of August 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person